**FIRST CITY BANK—FARMERS BRANCH, TEXAS, Petitioner,**

v.

**Andre GUEX et al., Respondents.**

No. C–2613.

Supreme Court of Texas.

Oct. 3, 1984.

Rehearing Denied Oct. 31, 1984.

W.A. Pritchard, Dallas, for petitioner.

Glassman & Solis, Alan M. Glassman, Dallas, for respondents.

KILGARLIN, Justice.

Three issues are presented in this Uniform Commercial Code case involving the rights of a debtor in default when personal property has been given as collateral to secure the loan. First, what constitutes "disposition" of the personal property by the secured party? Second, if the noteholder has disposed of the collateral in violation of UCC provisions, can the debtor recover damages for his actual losses in addition to monetary penalties provided for by statute? Third, are attorney's fees recoverable under the theory that they are part of the "loss" that the debtor has sustained when there has been a wrongful disposing of his collateral?

Andre Guex and Jack Marotte borrowed $5,000 from First City Bank—Farmers Branch and used the money to purchase a 26-foot sailboat and trailer. The bank retained a security interest in the boat and trailer. Initially, Marotte made the payments on the note, but subsequently quit. Thereafter, Guex started making the payments and obtained a written agreement from Marotte that after all payments on the note had been made to the bank and

Marotte had been reimbursed for his interest, Guex would become the sole owner of the boat and trailer. After making several note payments, Guex likewise encountered financial difficulty, and failed to make two payments. The bank took possession of the boat and trailer. Marotte, fearful that he would lose his interest in the collateral, worked out an arrangement with the bank whereby he would pay the past due installments, late charges and repossession fee, and the bank would return the boat and trailer to him. For some reason, however, Marotte withdrew from the negotiations, and his close friend, Mary Ann Kaprielian, paid the bank the past due installments and other charges by a check drawn on her account. She also signed a promissory note for the unpaid balance of the Guex/Marotte debt. The bank released the collateral to Kaprielian. Two days thereafter, the bank advised Kaprielian that she could buy the boat and trailer by paying off the outstanding balance of the loan. The bank even prepared for Kaprielian an Application for Certificate of Title, which she signed and left with the bank to mail to Austin. At the same time, Guex attempted to pay off the loan, but was told by the bank that the boat and trailer had already been sold for $1,500. In any event, no sale to Kaprielian was ever consummated; the bank subsequently reversed itself and accepted Guex's cashier's check; and, the bank returned to Kaprielian her executed promissory note and security agreement, having marked "void" across those instruments. The bank advised Guex that he could get his boat from Kaprielian. However, it was not until some fourteen months later that Guex recovered the boat, which was by then in a damaged condition.

After a jury trial, judgment was rendered for Guex against the bank in the amount of $1,877.65 (ten percent of the principal amount of the original note plus the entire finance charges of $1,377.65, as provided for by statutory formula), and for attorney's fees totaling $4,200. The court of appeals affirmed the judgment of the

trial court. 659 S.W.2d 734. We affirm the judgment of the court of appeals.

The bank contends that no disposition of the boat and trailer occurred within the meaning of Tex.Bus. & Com.Code Ann. § 9.504, because there was no sale or transfer of title of the boat and trailer to Kaprielian. Alternatively, the bank urges there was no evidence to support the finding of the jury that a disposition to Kaprielian had occurred. The bank further maintains there can be no award of statutory damages in the absence of harm to the debtor. The bank also argues that it was error to award Guex attorney's fees because they are not authorized by the Uniform Commercial Code; that attorney's fees do not constitute "any loss" under Tex.Bus. & Com.Code § 9.507(a); and, that Guex was not entitled to attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226. Finally, the bank insists that even if attorney's fees do constitute "any loss," they cannot be recovered in addition to statutory damages.

Tex.Bus. & Com.Code § 9.504 provides "[a] secured party after default may sell, lease or otherwise dispose of any or all of the collateral" by "public or private proceedings" and unless the collateral is perishable or threatens to decline speedily in value, "reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, ..." It is undisputed in this case that the bank gave no notice to Guex. Nor does the bank dispute that it released the boat and trailer after Kaprielian had signed a promissory note and security agreement covering the unpaid balance on the Guex/Marotte note and after Kaprielian had paid the late and repossession charges to the bank. The bank argues that disposition means sale and transfer of title, citing Tex.Bus. & Com.Code § 9.504(d), which provides:

When collateral is disposed of by a secured party after default, the disposition transfers to a purchaser for value all of the debtor's rights therein, discharges the security interest under which it is made and and [sic] security interest or lien subordinate thereto. The purchaser takes free of all such rights and interests even though the secured party fails to comply with the requirements of this subchapter or of any judicial proceedings (1) in the case of a public sale, if the purchaser has no knowledge of any defects in the sale and if he does not buy in collusion with the secured party, other bidders or the person conducting the sale; or (2) in any other case, if the purchaser acts in good faith.

■ This preceding paragraph is clearly a statement of the rights of the subsequent purchaser of the repossessed collateral. We fail to see how it supports the bank's argument in respect to disposition of the collateral. Although not speaking directly to what constitutes a "disposition," this court, in *Tanenbaum v. Economics Laboratory, Inc.*, 628 S.W.2d 769, 771 (Tex. 1982), held that the destruction of the collateral by the creditor was a disposition entitling the debtor to notice. Moreover, the very language of Tex.Bus. & Com.Code § 9.504(c) states that disposition of the collateral may be "by public or private proceedings" and "at any time and place and on any terms." The transactions between the bank and Kaprielian constituted proceedings on any terms. Kaprielian took possession of the boat. The bank took her promissory note and received her check for past-due installments, repossession charges, and late charges. Whether title to the boat and trailer were vested in Kaprielian is immaterial. A disposition occurred. Our conclusion is again reinforced by the language of the statute itself. Had the legislature intended the meaning urged by the bank, they would have omitted "or otherwise dispose" after "sell" and "lease."

■ Turning to the next point argued by the bank, that no evidence existed to support the jury finding that a disposition occurred, we would first observe that the record fails to reveal any objections by the bank to the court's charge. The trial court

instructed the jury in conjunction with special issue number nine, the disposition issue, as follows:

> The bank shall be deemed to have 'DISPOSED OF THE COLLATERAL' if it delivered possession or custody of the boat and trailer to Mary Ann Kaprelain [sic] with the intention of investing her with such proprietary interest in the boat and trailer as to enable her to retain them in her possession for a period of time or permanently.

In response to the inquiry in issue nine of whether the bank disposed of the boat and trailer to Kaprielian, the jury answered "yes." While the bank contends that the testimony indicates that the boat and trailer were released to Marotte, bank vice-president Floyd Ham testified that he had prepared the promissory note and necessary documents in Kaprielian's name, and that she had paid the past-due installments and repossession fees. Kaprielian testified that after she had made the payments, the bank delivered the boat to her. Guex testified that Ham had told him that Kaprielian had the boat. We consider this more than a scintilla of evidence to support the jury finding that the bank disposed of the boat and trailer to Kaprielian.

■ The bank next contends that there can be no award of statutory damages absent harm to the debtor. To support this proposition the bank relies upon language in *Gray-Taylor, Inc. d/b/a Jimmy Green Chevrolet v. Johnny Tennessee,* 573 S.W.2d 859 (Tex.Civ.App.—Houston [1st Dist.] 1978), *rev'd on other grounds,* 587 S.W.2d 668 (Tex.1979). It is true that in *Tennessee* the court of appeals did say "that the statute was not intended to punish the creditor and recompense the debtor unless the debtor was harmed." 573 S.W.2d at 862. However, in that case, after having given a commercially unreasonable notice of disposition, Jimmy Green changed its mind and still held the repossessed automobile at the time of trial. *Tennessee* can be distinguished on the facts. Moreover, the correct rule of law is

stated in *Garza v. Brazos County Federal Credit Union,* 603 S.W.2d 298, 300 (Tex. Civ.App.—Waco 1980, no writ), in which the court of appeals agreed with Garza's contention "that although he did not prove any damages resulting from Credit Union's non-compliance with the notice requirement, he [was] nevertheless entitled to an offset against the deficiency on the car note based upon the 'minimum damage formula' in § 9.507(a) ...." This holding is logically supported by language in Tex. Bus. & Com.Code § 9.507(a), which, after providing that the debtor has the right to recover from the secured party any loss caused by a failure to comply with the notice provisions, goes on to state:

> If the collateral is consumer goods, the debtor has a right to recover *in any event* an amount not less than the credit service charge plus ten per cent of the principal amount of the debt or the time price differential plus ten per cent of the cash price (emphasis added).

■ Obviously the drafters of the Uniform Commercial Code intended to provide compensation for actual losses incurred when the secured party acted contrary to statute, or to penalize the secured party if the debtor suffered no losses or his losses were less than the statutory penalty. If it had been the intention of those drafters that there be no compensation unless there were a loss, then it would have been unnecessary to add the last sentence to paragraph (1)[1] of UCC 9–507. To the extent that the court of appeals' opinion in *Gray-Taylor, Inc. v. Johnny Tennessee* is in conflict with our holding, it is disapproved.

■ We next turn to the question of attorney's fees, which Guex seeks to recover on alternative grounds of article 2226 and as a loss under Tex.Bus. & Com.Code § 9.507(a). The bank presents two reasons that the fees are not recoverable under article 2226. First, the bank says that unless authorized by statute, the parties must have contracted for the fees. Secondly, the bank argues that there was no present-

1. Same as paragraph (a) of Tex.Bus. & Com. Code § 9.507.

ment of the claim. We think it elementary after the 1977 amendment to article 2226 that in a suit founded on a written contract, a party is entitled to recover reasonable attorney's fees. This suit was founded upon a written contract, the Loan Note Contract and Security Agreement. The contract specifically recited matters such as default, possession of the collateral by the secured party, and the requirement of notice to the debtor of any intended disposition of the collateral. The contract, itself, need not provide for attorney's fees, as the statute does this. It is sufficient that the claim arise out of a contract. This claim by Guex assuredly did. As to the matter of the presentment of the claim, although the bank has argued this point, they have failed to preserve error. Therefore, attorney's fees are allowable under article 2226.

■ However, we do not agree with the position of Guex that he is likewise entitled to attorney's fees as "any loss" under TB & CC § 9.507(a), and in so holding the court of appeals erred. The court of appeals stated in respect to attorney's fees being recoverable as a loss, "[w]ere it otherwise the cost of counsel would prohibit those harmed from pursuing the remedy provided them by the legislature." If the legislature had intended recovery of attorney's fees under this statute, they would no doubt have provided for it, just as they provided for the recovery of attorney's fees under the Deceptive Trade Practices Act, as encouragement to those abused by certain proscribed conduct to avail themselves of the remedies of the Act. We have said in *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967), and *Knebel v. Capital National Bank in Austin*, 518 S.W.2d 795 (Tex.1974), that an award of attorney's fees may not be supplied by implication but must be provided for by the express terms of the statute in question. Because the statute in question makes no such provision, Guex cannot recover attorney's fees under his alternative ground.

■ Finally, we turn to the bank's objection to the language in the court of appeals' opinion that "the two provisions for damages [in Tex.Bus. & Com.Code § 9.507(a)] can be cumulative in certain instances." While a wronged debtor is entitled to plead and obtain findings under either theory of Tex.Bus. & Com.Code § 9.507(a), he is limited to recovering either his compensatory damages for actual losses incurred as a result of the secured party's conduct or minimal damages under the statutory formula. He cannot recover both. We disapprove this particular language in the opinion of the court of appeals, but as the judgment of that court limited Guex to only his minimal statutory damages, there is no error in that judgment.

The judgments of the courts below are affirmed.