**In re TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES.**

No. 07–99–0036–CV.

Court of Appeals of Texas, Amarillo.

March 31, 1999.

Duke Hooten, Boerne, for appellant.

Maria Lopez, Mike Watkins, Real Parties in Interest, Amarillo, for appellee.

George Harwood, Amarillo, for Susan Voyles.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

PER CURIAM.

In this proceeding, the Department of Protective and Regulatory Services (the Department) seeks a writ of mandamus directing respondent, the Honorable David L. Gleason, presiding judge of the 47th District Court of Armstrong County, to vacate or rescind his January 15, 1999 and February 23, 1999 orders ordering it to pay certain attorney ad litem fees and to issue an ' order consistent with section 107.015 of the Family Code. For the reasons set forth below, we conditionally grant the Department's petition.

In the underlying suit, the Department alleged that Susan Voyles physically neglected her daughter and that Stanley Voyles lives apart from his wife and daughter. Thus, it sought to terminate both their parental rights. On October 16, 1998, the Department was appointed temporary sole managing conservator of the child. The trial court appointed an attorney and guardian ad litem to represent the child and an attorney ad litem to represent the father. Then on two separate occasions, respondent verbally ordered the Department to pay interim attorney ad litem fees. When the Department did not comply, respondent entered a written order on January 15, 1999, requiring the Department to pay $2,200 to the attorney representing the child and $2,200 to the attorney representing the indigent parent. On February 23, 1999, respondent entered another written order requiring the Department to pay each attorney an additional $100 for services rendered in a review hearing. The Department has filed this proceeding challenging respondent's authority to enter such orders.

It is the rule that a writ of mandamus will only issue to correct a clear abuse of discretion or a violation of a duty imposed by law where there is no other remedy by law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). It is also the rule that a trial court has no "discretion" in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Thus, if a trial court fails to correctly analyze or apply the law, it has abused its discretion. *Id.*

In determining whether there is an adequate remedy at law, we must bear

in mind that most trial errors can be corrected in a normal appeal and that mandamus will only issue in the unusual circumstance in which there is no such adequate remedy. *Id.* Normally, interlocutory rulings made by a trial court during the ordinary trial process may be adequately addressed upon appeal. *Bell Helicopter Textron, Inc. v. Walker,* 787 S.W.2d 954, 955 (Tex.1990); *Ewing v. Cohen,* 63 Tex. 482, 484–85 (1885). However, when a trial court's ruling has the effect of adjudicating a dispute and does not concern incidental matters, it may properly be reviewed in a mandamus proceeding. *Wallace v. Briggs,* 162 Tex. 485, 348 S.W.2d 523, 527 (1961); *Aldine Indep. School Dist. v. Moore,* 694 S.W.2d 454, 455 (Tex.App.—Houston [1st Dist.] 1985, no writ).

■ In this proceeding, the Department asserts the trial court violated section 107.015 of the Family Code in attempting to make it pay the attorney ad litem fees and, in doing so, improperly applied the law to the facts, thereby entitling it to mandamus. Additionally, the Department maintains it does not have an adequate remedy at law because the order is interlocutory, it adjudicates a part of the dispute and, under section 51.014 of the Civil Practice and Remedies Code, the orders cannot be appealed until all of the remaining issues in the underlying case are determined.

Although respondent did not file a response, an amicus curiae brief has been filed in his behalf and we will refer to the contentions advanced in that brief as being those of respondent. Respondent argues that inasmuch as the Department is a party to the litigation, under section 107.015(b) of the Family Code, he was entitled to order it to pay the fees. He also argues that the Department had other adequate remedies at law, such as filing a motion for rehearing, a motion to set aside the judgment, or a motion to vacate the court's order. Although he acknowledges the Department filed an objection to the trial court's ruling and requested the entry of a judgment which would conform with section 107.015, he contends that because it was merely an objection, it was inadequate to exhaust the other remedies available to him.

It has been the law for many years that when an attorney has been appointed to represent a child or parent in family law matters, the parents of the child are obligated to pay reasonable ad litem fees set by the court unless the parents are indigent. *See* Tex.Fam.Code Ann. § 107.015(a) (Vernon 1996); [1] *In re A.B.B.,* 785 S.W.2d 828, 831 (Tex.App.—Amarillo 1990, no writ). For nearly as many years, if the parents were determined to be indigent, the attorney ad litem fees were to be paid from the general funds of the county in which the suit was heard. *See* Tex. Fam.Code Ann. § 107.015(c) (Vernon 1996).[2] More recently, the Legislature added section 107.015(b), which provides:

If the court or associate judge determines that the parties or litigants are able to defray the costs of an ad litem's compensation as determined by the reasonable and customary fees for similar services in the county of jurisdiction, the

1. Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 15, sec. 107.015(a), 1995 Tex.Gen. Laws 3889, 3894; Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 107.003(a), 1995 Tex.Gen.Laws 113, 134; Act of May 26, 1983, 68th Leg., R.S., ch. 298, § 1, sec. 11.10(e), 1983 Tex.Gen.Laws 1554, 1555; Act of May 31, 1981, 67th Leg., R.S., ch. 740, § 1, sec. 11.10(e), 1981 Tex.Gen.Laws 2709, Act of May 26, 1979, 66th Leg., ch. 643, § 1, sec. 11.10(e), 1981 Tex.Gen.Laws 2709; Act of May 26, 1979, 66th Leg., R.S., ch. 643, § 1, sec. 11.10(e), 1979 Tex.Gen.Laws 1471, 1472.

2. Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 15, sec. 107.015(c), 1995 Tex.Gen. Laws 3889, 3895; Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 107.003(c), 1995 Tex.Gen.Laws 3889, 3895; Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 107.003(c), 1995 Tex.Gen.Laws 113, 134; Act of May 26, 1983, 68th Leg., R.S. ch. 298, § 1, sec. 11.10(e), 1983 Tex.Gen.Laws 1554, 1555; Act of May 31, 1981, 67th Leg., R.S., ch. 740, § 1, sec. 11.10(e), 1981 Tex.Gen.Laws 2709.

costs may be ordered paid by either or both parties, or the court or associate judge may order either or both parties, prior to final hearing, to pay the sums into the registry of the court or into an account authorized by the court for the use and benefit of the ad litem on order of the court. The sums may be taxed as costs to be assessed against one or more of the parties.

Tex.Fam.Code Ann. § 107.015(b) (Vernon 1996).[3]

As authority for entering the orders requiring the Department to pay the ad litem fees, respondent focuses on the language contained in subsection (b) allowing the court to order the fees to be paid by either or both parties it deems able to defray those costs. The plain language of the subsection, he argues, allows the court to assess the fees against any named party in the litigation. Thus, he reasons, because the Department is a party or litigant to the underlying suit, and is certainly able to pay the ad litem fees, the trial court has discretion to assess those fees against the Department.

However, that interpretation ignores the specific mandate of subsection (a) that requires such fees to be paid by the parents "unless the parents are indigent." To accept respondent's argument that subsection (b) allows the assessment of the fees against any named party without a prior determination that either or both parents are indigent would negate the plain language of subsection (a) and render it meaningless. *See* Tex. Gov't Code Ann. § 311.021(2) (Vernon 1998) (providing that it is presumed that an entire statute is intended to be effective). *See also* Tex. Gov't Code Ann. § 311.012(b) (Vernon 1998) (the singular includes the plural and the plural includes the singular).

■ We conclude that the better construction of subsection (b) is to consider it as an instruction as to the manner by which the trial court can direct the non-

indigent parent or parents to pay ad litem fees it assesses. *See* Tex. Gov't Code Ann. § 311.021(3) and (4) (Vernon 1998) (providing that it is presumed that a just and reasonable result is intended and a result feasible of execution is intended). Viewed in that light, it authorizes the trial court to assess the fees against one or both parents and to order the payment of the fees prior to final hearing into the registry of the court or into an account authorized by the court or it may defer payment of the fees until the final hearing. Tex.Fam.Code Ann. § 107.015(b) (Vernon 1996).

In this case, the trial court assessed the ad litem fees against the Department. Thus, it directed the payment of the fees in a manner not authorized by the statute. That being so, it can result in appellate reversal by extraordinary writ. *Walker*, 827 S.W.2d at 840.

■ We also agree with the Department that it has no adequate legal remedy. The decision of the trial court is interlocutory and, by virtue of section 51.014 of the Civil Practice and Remedies Code, may not be appealed. In addition, by adjudicating that portion of the dispute concerning ad litem fees, the rulings concerned more than incidental trial matters. *See Bell Helicopter*, 787 S.W.2d at 955. Finally, we are not persuaded by respondent's argument that the Department failed to pursue an adequate remedy at law by failing to file a motion with the same trial court requesting it to reconsider the same arguments and evidence it had already rejected. This is particularly true in view of the entry by the trial court of a second order directing the Department to pay additional ad litem fees after this original proceeding was instituted.

Moreover, we note that the Department filed an instrument with the trial court entitled "Petitioner's Objection to Payment of Attorney Ad Litem Fees," in which it plainly requested the trial court to award the ad litem fees in accordance with sec-

---

**3.** Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 15, sec. 107.015(b), 1995 Tex.Gen. Laws 3889, 3894–95; Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 107.003(b), 1995 Tex.Gen.Laws 113, 134.

tion 107.015 of the Family Code. The clear effect of this instrument was to request a reconsideration of the trial court's decision. Respondent has not cited, nor have we found, any authority that requires a party to pursue a second ruling by the same court on the same facts and law before seeking mandamus.

We conditionally grant the Department's petition for writ of mandamus insofar as it concerns the trial court's January 15, 1999 and February 23, 1999 orders. However, we deny that portion of the Department's petition in which it asks us to order the trial court to render a decision at this time concerning the ad litem fees. As we have discussed, under section 107.015(b), the trial court has discretion to order the payment of the fees by a proper person or entity either before or at the final hearing in the underlying suit. Consequently, the Department has failed to show the trial court would abuse its discretion by not entering an order at this time. *See Walker*, 827 S.W.2d at 840; *Johnson*, 700 S.W.2d at 917.

The writ of mandamus will only issue if the trial court does not vacate its January 15, 1999 and February 23, 1999 orders.