NO. 07-99-0158-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2001

______________________________

IN THE INTEREST OF VIOLET VOYLES, A CHILD

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF ARMSTRONG COUNTY;

NO. 2008; HONORABLE DAVID GLEASON, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

The Texas Department of Protective and Regulatory Services (the Department) appeals from the assessment of ad litem attorney fees against it as court costs in a suit brought for the protection of a child and to terminate parental rights.  The Department contends that statutory authority does not authorize assessment of such fees against it.  We reverse and remand. 

BACKGROUND

  In October, 1998, the Department filed suit in Armstrong County seeking temporary and permanent conservatorship of Violet Voyles, a child (Violet), and seeking termination of the parental rights of Violet’s parents, Stanley and Susan Voyles.  The trial court appointed an attorney ad litem and guardian ad litem for Violet. The trial court found Stanley to be indigent and appointed an attorney ad litem for him, also. 

On April 27, 1999, the trial judge signed an order dismissing the suit.  The order of dismissal contained findings that both parents of Violet were indigent.  The order awarded ad litem fees in the amount of $2,300 to the attorney and guardian ad litem of Violet, and attorney’s fees of $2,300 to the attorney ad litem for Stanley.  The attorney fees were assessed as costs of court and the Department was ordered to pay all costs of court within 30 days of the order.

Pursuant to request of the Department, the trial court filed findings of fact and conclusions of law.  Among other findings, the trial court found that (1) the Department initiated the suit, (2) Mrs. Voyles is indigent, (3) Mr. Voyles is indigent, (4) based on estimates of time spent in preparation and trial by each ad litem, the trial Court awarded attorney fees of $2,300, for each ad litem ($4,600 total), and (5) the State of Texas has a much greater capability to absorb costs of the proceeding than does Armstrong County.  The trial court’s Conclusions of Law were that (1) indigent parents are entitled to appointment of counsel, (2) ad litem fees may be taxed as costs, (3) both parents [of Violet] are indigent, (4) any “party” may be ordered to pay costs, and (5) the Department is a “party” to [the] action.  

The Department presents three issues in seeking reversal of the order assessing attorney’s fees against it as court costs.  First, the Department asserts that it is exempted from payment of court costs by 
Tex. Hum. Res. Code Ann
. § 40.062 (Vernon Supp. 2001), and that even if it is not exempted by § 40.062, no statutory authority authorizes requiring it to pay attorney ad litem fees.  Next, the Department urges that the evidence is legally and factually insufficient to support the trial court’s finding that Violet’s mother Susan was indigent.  The Department’s third issue challenges the factual sufficiency of the evidence to support the amount of attorney’s fees awarded to the attorneys ad litem.  We have not been favored with a brief from any person or entity other than the Department.

LAW

Title 5 of the Texas Family Code addresses the parent-child relationship and suits affecting the parent-child relationship.  Chapter 107 in Title 5 is entitled Special Appointments and Social Studies.  Subchapter B of Chapter 107 is entitled Attorney Ad Litem.  Section 107.015 of subchapter B is entitled Attorney Ad Litem Fees.  As applicable to the matter before us,
(footnote: 1) section 107.015(a) provided that an attorney appointed to represent a child or a parent as authorized by subchapter B was entitled to a reasonable fee to be paid by the parents of the child, unless the parents were indigent.  
Tex. Fam. Code Ann
. § 107.015(a) (Vernon 1996).
(footnote: 2)  Section 107.015(c) mandated that if the parents were shown to be indigent, then “an attorney appointed to represent a child or parent in a suit to terminate the parent-child relationship 
shall
 be paid from the general funds of the county” (emphasis added).  Section 107.015(b) allowed a court to order the compensation of an ad litem to be paid by one or more of “the parties or litigants” that were determined to be able to defray the costs of the compensation, and authorized such compensation to be taxed as costs to be assessed against one or more of the parties.  The issue of attorney’s fees in the underlying suit has previously been before this court as an original proceeding.  
See
 
In Re Dep’t. of Protective & Reg. Servs.
, 990 S.W.2d 848 (Tex.App.--Amarillo 1999, orig. proceeding).  In our prior consideration of the matter, we determined that section 107.015(b) addressed the manner in which a trial court could direct non-indigent 
parents
 to pay ad litem fees assessed.  
Id
. at 851.  We held, in effect, that the Department was not included in the statutory term “parties or litigants” as used in section 107.015(b), and that the subsection did not authorize the trial court to assess fees for attorneys ad litem against the Department.  
Id
. 

Findings of fact entered in a case tried to the bench have the same force and dignity as a jury’s verdict upon questions.  
Anderson v. City of Seven Points
, 806 S.W.2d 791, 794 (Tex.1991).  A trial court’s findings of fact are reviewable for legal and factual sufficiency by the same standards applied in reviewing the sufficiency of the evidence supporting a jury’s finding.  
Id
.  
The trial court’s conclusions of law are reviewed 
de novo
.  
State v. Heal
, 917 S.W.2d 6, 9 (Tex. 1996); 
Barber v. Colorado Indep. Sch. Dist.
, 901 S.W.2d 447, 450 (Tex. 1995);  
Hydrocarbon Mgt. v. Tracker Exploration
, 861 S.W.2d 427, 431 (Tex.App.--Amarillo 1993, no writ).

ANALYSIS

If the Department was not a “party” to the underlying action, within the meaning of section 107.015(b), the trial court was not authorized to assess ad litem fees against it.  
In Re Dep’t. of Protective & Reg. Servs.
, 990 S.W.2d at 851.  Thus, in reviewing the trial court’s findings of fact and conclusions of law which are challenged by the Department, we will first examine the trial court’s conclusion of law that  “The Department is a ‘party’ to [the] action.”  In reviewing the trial court’s conclusion, we do so 
de novo
.  
Heal
, 917 S.W.2d at 9. 

The trial court’s conclusion that the Department is a “party” to the suit is correct if the conclusion was intended to describe the Department as an entity seeking relief in, or against which relief was sought through, the underlying lawsuit.  If the conclusion was intended to describe the Department in such manner, however, the conclusion is separate from and not related to the question of whether section 107.015 authorizes ad litem attorney fees to be assessed against the Department.  Under such interpretation of the conclusion, assessment of ad litem attorney fees against the Department finds no statutory basis.  

Nor does the trial court’s conclusion furnish a basis to assess ad litem attorney fees against the Department if it is intended to be a conclusion that the Department was a “party” under section 107.015(b), because section 107.015(b) authorizes assessment of ad litem fees only against a “party” who is a parent.  
In Re Dep’t. of Protective & Reg. Servs.
, 990 S.W.2d at 851.  Manifestly, the Department was and is not a parent of Violet.  Section 101.024.   

The trial court’s conclusion that the Department was a “party” to the action does not authorize assessment of ad litem attorney fees against the Department under either of the foregoing interpretations of the term “party.”  The Department is correct in its assertion that the part of the Order of Dismissal which ordered the Department to pay costs of court, including ad litem attorney fees, is improper.  
Id
.; 
see
 
Tex. Hum. Res. Code Ann
. § 40.062.

CONCLUSION

We sustain the Department’s first issue to the extent the Department asserts that the trial court’s assessment of costs, including ad litem attorney fees, against it was not based on statutory authority and was an improper order.  
Tex. R. App. P.
 44.1(a)(1).  Because we sustain the Department’s issue urging that it cannot be liable for ad litem attorney fees under section 107.015, we need not and do not address the remainder of the Department’s issues.  
Tex. R. App. P
. 47.1.

That part of the Order of Dismissal which orders the Department to pay all costs of court is set aside and the case is remanded for further proceedings.  
Tex. R. App. P
. 43.2(d); 
see
 section 107.015(c).

Phil Johnson

     Justice

Do not publish.

FOOTNOTES
1:
The language of section 107.015 was amended effective September 1, 1999.  Act of June 19, 1999, 76
th
 Leg., R.S., ch. 1390, § 6, sec. 107.015, 1999 Tex. Sess. Law Serv. 4696, 4697-98.  Our opinion references the language of the statute as it existed before the 1999 amendment.

2:
Further references to the Family Code will be by reference to “section__.”