NO. 07-01-0204-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 1, 2001

_____


IN RE W. HUGH HARRELL, RELATOR

_____


Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this original proceeding, relator W. Hugh Harrell has filed a petition for writ of mandamus asking us to order the Honorable J. Blair Cherry, Judge of the 72nd District Court of Lubbock County, to grant his motion filed in an underlying lawsuit to distribute certain funds held in the registry of the court that represent the 2/5th interest of his brother, Glenn Harrell, in a trust established by the parents of relator and Glenn Harrell for their benefit. Relator claims entitlement to those funds based on an assignment from Glenn Harrell to relator. For the reasons set forth below, the petition is denied.

Mandamus is an extraordinary writ that should only be issued when the trial court clearly abused its discretion, and there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A party seeking mandamus

relief must establish that he does not have an adequate remedy by appeal. *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 374 (Tex. 1998) (orig. proceeding); *Walker,* 827 S.W.2d at 842. The court's order denying relator's motion to distribute stated that the order was interlocutory "since other matters are still pending before the Court" and the funds were to remain in the registry of the court "until further order of the Court." Interlocutory rulings made by a trial court during the ordinary trial process may generally be remedied by appeal. *In re Texas Dept. of Protective and Regulatory Services*, 990 S.W.2d 848, 850 (Tex.App.--Amarillo 1999) (orig. proceeding).

The real party in interest, Wiloma Harrell, independent executrix of the estate of Glenn Harrell, has filed a brief in which she states it is her position that the assignment from Glenn Harrell only assigned any causes of action he had against the trustee for transactions involving the trust and did not assign his interest in the trust to relator. The only documents before this court are the motion to distribute with the assignment attached and the court's order regarding the same. The court's order does not finally determine the rights of the parties to the funds in the registry of the court, but merely maintains the status quo of the parties.

Both relator and Wiloma Harrell agree that the case is set for trial on August 6, 2001. Relator argues that "the granting of this Petition for Writ of Mandamus establishes judicial economy and corrects a grievous and erroneous ruling that would only be before this Court of Appeals on an appeal." A remedy by appeal is not inadequate merely

2

because it involves more expense or delay. *Walker*, 827 S.W.2d at 842. While relator argues that an appeal is not an appropriate remedy because his claim is vitiated and/or severely compromised by the trial court's order, an ordinary appeal after a trial is inadequate, and that because of the nearness of the trial, it involves an urgent necessity that the writ be granted, these are conclusory statements and do not specifically inform this court why relator's rights may not be protected by an appeal. Relator must establish the effective denial of a reasonable opportunity to develop the merits of his case. *Id.* at 843. We do not believe relator has met his burden to establish that he does not have an appropriate remedy and is therefore entitled to mandamus relief.

Accordingly, relator's petition for writ of mandamus is denied.


Per Curiam


Do not publish.

3