OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

April 29, 2002

Mr. James R. Hine
Commissioner
Texas Department of Human Services
P.O. Box 149030
Austin, Texas 78714-9030

Opinion No. JC-0495

Re: Whether the Texas State Office of Administrative Hearings may order the Texas Department of Human Services to pay a licensee's attorney's fees after the SOAH dismissed an administrative action brought to revoke a license (RQ-0463-JC)

Dear Commissioner Hine:

In Texas, a party to an action may recover attorney's fees from an opposing party only if a statute or contract expressly permits such a recovery. *See Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996). While sections 2003.042 and 2003.0421 of the Government Code authorize the Texas State Office of Administrative Hearings (the "SOAH") to sanction the Texas Department of Human Services (the "Department") in an administrative action brought to revoke a nursing home's license, the statutes do not expressly permit a party to recover attorney's fees. *See* TEX. GOV'T CODE ANN. §§ 2003.042, .0421 (Vernon 2000). You ask whether the SOAH may require the Department to pay the opposing party's attorney's fees in a dismissed license-revocation action.[1] Because the SOAH does not have express authority to require the Department to pay attorney's fees in such a situation, we conclude that the SOAH may not order the Department to do so. Section 2003.0421, which enumerates several specific sanctions, lists "charging all or any part of the expenses of discovery against the offending party," *id.* § 2003.0421(b)(2), but it does not separately list assessing attorney's fees as a permissible sanction. Additionally, a statute or rule that permits a court to award attorney's fees against the state does not apply to the SOAH, which is not a court. Furthermore, the state has not waived its immunity from attorney's fees in this situation. *See Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992) (stating that attorney's fees may not be recovered from state agency unless statute or contract expressly waives sovereign immunity).

Your query stems from an action that the Department brought to revoke the nursing-home license of Mabee Health Care Center ("Mabee"), a nursing home facility located in Midland, Texas.

---

[1]*See* Letter from James R. Hine, Commissioner, Texas Department of Human Services, to Honorable John Cornyn, Texas Attorney General (Nov. 8, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

*See* Request Letter, *supra* note 1, at 1.[2] The SOAH, which hears contested-case hearings for the Department, *see* TEX. HUM. RES. CODE ANN. § 22.018(a) (Vernon 2001), conducted the hearing "from February 20, 2001, through March 2, 2001." Request Letter, *supra* note 1, at 1; *see also* Sanctions Order, *supra* note 2, at 1; Department Brief, *supra* note 2, at 1. During the course of the hearing, on March 1 the Department's counsel informed the SOAH's administrative law judges "that several pages of Exhibit 10," which the Department had offered and which had been admitted into evidence, "were not authentic." Request Letter, *supra* note 1, at 2; *see also* Department Brief, *supra* note 2, at 1. Mabee consequently asked the SOAH to dismiss the action and to sanction the Department by awarding it "all costs and fees incurred" in prosecuting the appeal, including attorney's fees in the amount of $126,120 and costs in the amount of $15,568.17. *See* Sanctions Order, *supra* note 2, at 2, 5.

The SOAH granted Mabee's motion for costs including attorney's fees, determining that sanctions were "appropriate . . . to deter future conduct and to punish the existing conduct." *Id.* at 32. The SOAH premised the award of attorney's fees on what it believed to be its implicit authority to impose monetary sanctions in appropriate cases:

> The [administrative law judges] conclude that the sanctions authority in the SOAH Act[, chapter 2003 of the Government Code,] and in SOAH's procedural rules confer sufficient authority in the [administrative law judges] to award monetary sanctions in appropriate cases, particularly those that affect the core mission of the agency to serve as an independent forum to conduct fair, objective, prompt, and efficient hearings, pursuant to the SOAH Act. Further, the [administrative law judges] conclude that utilizing the Texas Rules of Civil Procedure, and cases decided thereunder, to determine the factors to be weighed, and the relative weight given them in determining an appropriate sanction, would yield a ruling that is just under the circumstances of this case.

*Id.* at 17.

You suggest that the SOAH acted outside its statutory authority when it imposed sanctions that included an award of attorney's fees. *See* Request Letter, *supra* note 1, at 2. We agree. We do not understand you to contest the order to pay other costs. *See id.* at 2 n.2.

As a state agency, the SOAH has only those powers that the legislature has explicitly or implicitly delegated to it. *See R.R. Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex.

---

[2]*See also* Tex. State Office of Admin. Hearings, Order Granting Motion for Sanctions at 1, Mabee Health Care Ctr. v. Tex. Dep't of Human Servs. (July 3, 2001) (Docket No. 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.K-W) [hereinafter Sanctions Order]; Letter from John M. Hohengarten, Deputy Division Chief, Financial Litigation Division, Office of Attorney General, representing Dep't of Human Servs., to Honorable John Cornyn, Texas Attorney General, at 1 (Jan. 24, 2002) [hereinafter Department Brief] (documents on file with Opinion Committee).

1992); *6th & Neches, L.L.C. v. Aldridge*, 992 S.W.2d 684, 687 (Tex. App.–Austin 1999, pet. denied); Tex. Att'y Gen. Op. Nos. JC-0418 (2001) at 6, JC-416 (2001) at 5, JC-0324 (2001) at 1. The SOAH's authority is set forth primarily in chapter 2003 of the Government Code, which creates the SOAH to conduct administrative hearings in contested cases for other state agencies. *See* TEX. GOV'T CODE ANN. § 2003.021(a), (b) (Vernon Supp. 2002).

Under chapter 2003, a SOAH administrative law judge may, among other things, "issue an order relating to discovery or another hearing or prehearing matter, including an order imposing a sanction" or "issue a proposal for decision that includes findings of fact and conclusions of law." *Id.* § 2003.042(a)(4), (6) (Vernon 2000); *see also* 1 TEX. ADMIN. CODE § 155.15(b) (2001) (SOAH Rules of Procedure). Section 2003.0421 provides for sanctions generally:

> (a) An administrative law judge employed by the [SOAH] . . . on the judge's own motion or on motion of a party and after notice and an opportunity for a hearing, may impose appropriate sanctions as provided by Subsection (b) against a party or its representative for:
>
> > (1) filing a motion or pleading that is groundless and brought:
> >
> > > (A)   in bad faith;
> > >
> > > (B)   for the purpose of harassment; or
> > >
> > > (C)   for any other improper purpose, such as to cause unnecessary delay or needless increase in the cost of the proceeding;
> >
> > (2) abuse of the discovery process in seeking, making, or resisting discovery; or
> >
> > (3) failure to obey an order of the administrative law judge or of the state agency on behalf of which the hearing is being conducted.
>
> (b) A sanction imposed under Subsection (a) may include, as appropriate and justified, issuance of an order:
>
> > (1) disallowing further discovery of any kind or of a particular kind by the offending party;
> >
> > (2) charging all or any part of the expenses of discovery against the offending party or its representatives;

(3) holding that designated facts be considered admitted for purposes of the proceeding;

(4) refusing to allow the offending party to support or oppose a designated claim or defense or prohibiting the party from introducing designated matters in evidence;

(5) disallowing in whole or in part requests for relief by the offending party and excluding evidence in support of those requests; and

(6) striking pleadings or testimony, or both, in whole or in part.

(c) This section applies to any contested case hearing conducted by the office, except hearings conducted on behalf of the Texas Natural Resource Conservation Commission or the Public Utility Commission of Texas[,] which are governed by Sections 2003.047 and 2003.049.

TEX. GOV'T CODE ANN. § 2003.0421 (Vernon 2000); *cf.* 1 TEX. ADMIN. CODE §§ 155.33, .49 (2001) (SOAH Rules of Procedure authorizing administrative law judge to issue orders regulating conduct of proceeding and requiring attorneys to adhere to Texas Lawyers' Creed's standards of conduct). As section 2003.0421(c) suggests, other provisions pertain specially to contested case hearings performed by the SOAH's natural resource conservation division or utility division. *See* TEX. GOV'T CODE ANN. §§ 2003.0421(c), .047, .049 (Vernon 2000). Of particular interest, as we explain later, is section 2003.049, which authorizes the SOAH's utility division to impose appropriate sanctions against a party, including attorney's fees incurred because of sanctionable behavior. *See id.* § 2003.049(j)(7).

Under Texas law, no party may recover attorney's fees from an opposing party unless recovery is expressly provided by statute or by contract between the parties. *See Travelers Indem. Co. v. Mayfield*, 923 S.W.2d at 593. An award of attorney's fees may not be merely implied, "but must be provided for by the express terms of the statute in question." *First City Bank-Farmers Branch v. Guex*, 677 S.W.2d 25, 30 (Tex. 1984). For example, rule 215.2 of the Texas Rules of Civil Procedure, which is largely similar to section 2003.0421, explicitly permits a court to order a party to pay an adversary's "reasonable expenses, including attorney's fees." TEX. R. CIV. P. 215.2(b)(8) (Vernon Supp. 2001); *see Hearings on Tex. S.B. 331 Before the House Comm. on State Affairs*, 75th Leg., R.S. (Apr. 24 1997) (testimony of Sheila Bailey Taylor, representing the SOAH, indicating that sanctions listed in section 2003.0421 are "similar to the sanctions in the Rules of Civil Procedure") (tape available from House Video/Audio Services Office). Likewise, the SOAH's own act, section 2003.049 of the Government Code, expressly authorizes the SOAH's utility division to require an offending party to pay "the reasonable expenses, including attorney's fees, incurred by other parties because of" sanctionable behavior. TEX. GOV'T CODE ANN. § 2003.049(j)(7) (Vernon

2000). Section 2006.013 of the Government Code also permits the award of attorney's fees to a small business that prevails over a state agency in an administrative adjudication in certain circumstances. *See id.* § 2006.013(a).

The SOAH lacks express statutory authority to require the Department to pay attorney's fees in a license-revocation action. Chapter 2003 provides no such authority. Section 2003.042 plainly authorizes the SOAH to issue "an order imposing a sanction," *id.* § 2003.042(a)(4), but the kind of sanction the SOAH generally may impose is limited by section 2003.0421(b), *see id.* § 2003.0421(b). Neither section 2003.042 nor section 2003.0421 expressly includes authority to assess attorney's fees against the Department in this situation. Section 2003.0421(b) permits the SOAH to "include" in a sanctions order, "as appropriate and justified," a requirement that an offending party pay "all or any part" of the opposing party's "expenses of discovery." *Id.* § 2003.0421(b)(2); *cf. also id.* § 2006.013(a) (expressly permitting award of attorney's fees to small business in "administrative adjudicatory proceeding . . . resulting from a complaint issued by a state agency"); *id.* § 2007.026(a) (expressly authorizing state agency to order political subdivision or state agency to award attorney's fees to private real-property owner who prevails in contested case). The phrase "expenses of discovery" is not sufficient to encompass attorney's fees.

Nor does the Administrative Procedure Act, chapter 2001 of the Government Code, or any law applicable to license-revocation actions brought by the Department authorize the SOAH to impose attorney's fees against a state agency. As the SOAH admits in its order, the Administrative Procedure Act, chapter 2001 of the Government Code, "does not have a sanctions provision." Sanctions Order, *supra* note 2, at 22. While a SOAH administrative law judge must "consider applicable agency rules or policies in conducting the hearing," TEX. GOV'T CODE ANN. § 2001.058(b) (Vernon 2000), nothing in the Department's statutes or regulations authorize the imposition of attorney's fees. *See* TEX. HEALTH & SAFETY CODE ANN. ch. 242 (Vernon 2001 & Supp. 2002); 40 TEX. ADMIN. CODE ch. 79 (2001) (Department Legal Services).

In addition, nothing waives the state's immunity from the payment of attorney's fees ordered by the SOAH. Attorney's fees may not be recovered from a state agency unless a statute or contract expressly waives the agency's sovereign immunity in this regard. *See Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d at 77; *Univ. of Tex. Sys. v. Courtney*, 946 S.W.2d 464, 469 (Tex. App.–Fort Worth 1997, writ denied); *cf. Coll. Sav. Bank v. Fl. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (holding that waiver of state sovereign immunity may not be implied).

The SOAH cannot rely on statutes and rules authorizing a court to charge attorney's fees against a state agency. In its order, the SOAH appears to rely on rules 13 and 215.2 of the Texas Rules of Civil Procedure, section 10.001 of the Texas Civil Practices and Remedies Code, and "the court's inherent authority." Sanctions Order, *supra* note 2, at 22-24. Rule 13 of the Texas Rules of Civil Procedure articulates the effect of a signature on a pleading or motion and requires a court to impose upon a party who has signed a court document in violation of the rule "an appropriate sanction available under Rule 215-2b." TEX. R. CIV. P. 13 (Vernon Supp. 2001). Rule 215.2, as we have already discussed, explicitly permits a court to award attorney's fees. Section 10.001 of the

Civil Practices and Remedies Code states, similar to rule 13, the effect of a signature on a pleading or motion filed in a court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (Vernon Supp. 2002). Section 10.004 of the Civil Practices and Remedies Code, similar to rule 215.2, permits a "court that determines that a person has signed a pleading or motion in violation of Section 10.001" to impose sanctions, which may include "an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees." *Id.* § 10.004(a), (c)(3). We also note section 105.002 of the Civil Practice and Remedies Code, which permits a court to award reasonable attorney's fees against the State, "if . . . the court finds that the action is frivolous, unreasonable, or without foundation." *See id.* § 105.002(1) (Vernon 1997).

The SOAH is not a court. "An administrative agency is not a 'court' and its contested case proceedings are not lawsuits, no matter that agency adjudications are sometimes referred to loosely as being 'judicial' in nature. Agency adjudications do not reflect an exercise of the judicial power assigned to the 'courts' of the State in [article V, section 1 of the Texas Constitution]; they are simply executive measures taken in the administration of statutory provisions." *State v. Flag-Redfern Oil Co.*, 852 S.W.2d 480, 486 n.7 (Tex. 1993) (quoting *Beyer v. Employees' Ret. Sys.*, 808 S.W.2d 622, 627 (Tex. App.–Austin 1991, writ denied)).

Given that the SOAH lacks express statutory authority to require the SOAH to pay the opposing party's attorneys and that the state has not waived its sovereign immunity in this regard, we conclude that the SOAH has no authority to order the Department to pay Mabee's attorney's fees.

## S U M M A R Y

The Texas State Office of Administrative Hearings has no authority to order the Texas Department of Human Services to pay a licensee's attorney's fees after an administrative action brought to revoke the license. The state has not waived its sovereign immunity against attorney's fees imposed in an administrative proceeding administered by the State Office of Administrative Hearings.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee