

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 4, 1004

The Honorable John L. Forrest
Parker County Attorney
118 West Columbia Street
Weatherford, Texas 76086

Opinion No. GA-0142

Re: Obligation of a state agency to pay for the services of an attorney ad litem appointed for a parent under section 107.013 of the Family Code (RQ-0090-GA)

Dear Mr. Forrest:

You ask whether the Texas Department of Protective and Regulatory Services, now the Department of Family and Protective Services,[1] (the "Department") may be required to pay the attorney fees for the attorney ad litem appointed for a parent cited by publication, whether by name or as an unknown, and there is no evidence that the parent is indigent.[2] *See* TEX. FAM. CODE ANN. § 107.015 (Vernon Supp. 2004) (payment of attorney fees for attorney ad litem for a parent). An "attorney ad litem" within the relevant Family Code provisions is "an attorney who provides legal services to a person, including a child, and who owes to the person the duties of undivided loyalty, confidentiality, and competent representation." *Id.* § 107.001(2).

In suits under the Family Code involving the parent-child relationship, citation may be served by publication to persons entitled to service who cannot be notified by personal service or registered or certified mail and to persons whose names are unknown. *See id.* § 102.010(a). When a governmental entity files a suit requesting termination of the parent-child relationship, Family Code section 107.013 requires the court to appoint an attorney ad litem for

> (1) an indigent parent of the child who responds in opposition to the termination;
>
> (2) a parent served by citation by publication.

*Id.* § 107.013(a). In addition, an attorney ad litem must be appointed for an alleged father if his identity or location is unknown or attempts to serve process at his address have been unsuccessful.

---

[1] The Department of Protective and Regulatory Services has been renamed the Department of Family and Protective Services. *See* TEX. HUM. RES. CODE ANN. § 40.002 (Vernon Supp. 2004); *see also* Act of June 1, 2003, 78th Leg., R.S., ch. 198, § 1.27, 2003 Tex. Gen. Laws 611, 641 ("A reference in law to the Department of Protective and Regulatory Services means the Department of Family and Protective Services.").

[2] Letter from Honorable John L. Forrest, Parker County Attorney, to Honorable Greg Abbott, Texas Attorney General (Aug. 4, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

*See id.* § 107.013(a)(3)-(4). *See also id.* § 107.012 (court shall appoint attorney ad litem for the child in a suit filed by a governmental entity requesting termination of the parent-child relationship or to be named conservator of a child).

Attorney fees may not be recovered unless provided for by statute or contract. *See Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). The authorization of attorney fees in civil cases may not be inferred but "'must be provided for by the express terms of the statute in question.'" *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996) (quoting *First City Bank–Farmers Branch v. Guex*, 677 S.W.2d 25, 30 (Tex. 1984)). Section 107.015 of the Family Code provides as follows for paying fees to an attorney ad litem appointed under chapter 107:

> (a) An attorney appointed under this chapter to serve as an attorney ad litem for a child, an attorney in the dual role [of guardian ad litem and attorney ad litem for the child],[3] or an attorney ad litem for a parent is entitled to reasonable fees and expenses in the amount set by the court to be paid by the parents of the child unless the parents are indigent.

> (b) If the court determines that one or more of the parties are able to defray the fees and expenses of an attorney ad litem or guardian ad litem for the child as determined by the reasonable and customary fees for similar services in the county of jurisdiction, the fees and expenses may be ordered paid by one or more of those parties, or the court may order one or more of those parties, prior to final hearing, to pay the sums into the registry of the court or into an account authorized by the court for the use and benefit of the payee on order of the court. The sums may be taxed as costs to be assessed against one or more of the parties.

> (c) If indigency of the parents is shown, an attorney ad litem appointed to represent a child or parent in a suit filed by a governmental entity in which termination of the parent-child relationship is requested shall be paid from the general funds of the county according to the fee schedule that applies to an attorney appointed to represent a child in a suit under Title 3 as provided by Chapter 51. *The court may not award attorney ad litem fees under this chapter against the state, a state agency, or a political subdivision of the state except as provided by this subsection.*

Tex. Fam. Code Ann. § 107.015 (Vernon Supp. 2004) (emphasis added) (footnote added).

---

[3]Chapter 107 of the Family Code requires the court to appoint a guardian ad litem and an attorney ad litem for the child in a suit filed by a governmental entity seeking termination of the parent-child relationship or the appointment of a conservator for a child. *See* Tex. Fam. Code Ann. §§ 107.011 (Vernon Supp. 2004) (mandatory appointment of guardian ad litem for the child), 107.012 (mandatory appointment of attorney ad litem for the child). The court may appoint an attorney ad litem to serve in the dual role of attorney ad litem and guardian ad litem. *See id.* § 107.0125(a).

You ask whether the Department is a party that can defray the costs of the parent's attorney ad litem under section 107.015(b). *See* Request Letter, *supra* note 2, at 2. Section 107.015(a) requires the parents to pay the fees of their attorney ad litem "unless the parents are indigent." TEX. FAM. CODE ANN. § 107.015(a) (Vernon Supp. 2004). The trial court determines based on the evidence presented to it whether a parent is indigent, and the court's decision is subject to review on an abuse of discretion standard. *See In re Smith*, 70 S.W.3d 167, 169 (Tex. App.–San Antonio 2001, no pet.). *See generally* TEX. CIV. PRAC. & REM. CODE ANN. ch. 13 (Vernon 2002), TEX. R. CIV. P. 145 (affidavit of inability to pay costs). The mere fact that an individual has been served by publication does not mean that he or she is indigent.

The Department may not be ordered to pay attorney ad litem fees under section 107.015(b). *See In Re Tex. Dep't of Protective & Regulatory Servs.*, 990 S.W.2d 848, 851 (Tex. App.–Amarillo 1999, orig. proceeding). In that case, a trial court ordered the Department to pay attorney ad litem fees to the attorneys ad litem appointed to represent a child and her indigent father. The appellate court found that the then current version of section 107.015(b) did not authorize this order. This provision read as follows:

> If the court or associate judge determines that the parties or litigants are able to defray the costs of an ad litem's compensation as determined by the reasonable and customary fees for similar services in the county of jurisdiction, the costs may be ordered paid by either or both parties . . . .

Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 15, 1995 Tex. Gen. Laws 3888, 3894-95; *In Re Tex. Dep't of Protective & Regulatory Servs.*, 990 S.W.2d at 850-51. The court interpreted section 107.015(b) in connection with section 107.015(a), which requires ad litem fees to be paid by the parents unless they are indigent. It construed section 107.015(b) as instructing the trial court about the manner in which it may direct the non-indigent parent or parents to pay the ad litem fees it assesses. *See In Re Tex. Dep't of Protective & Regulatory Servs.*, 990 S.W.2d at 851. Thus, section 107.015(b) "authorizes the trial court to assess the fees against one or both parents and to order the payment of the fees prior to final hearing into the registry of the court." *Id.* The statute did not authorize the court to assess the ad litem fees against the Department. *See id.*

You also ask whether the county should pay the fees of an attorney ad litem appointed for a parent cited by publication, when there is no information as to whether the parent is indigent. Request Letter, *supra* note 2, at 2. Section 107.015(c) provides that an attorney appointed to represent an indigent parent "shall be paid from the general funds of the county." TEX. FAM. CODE ANN. § 107.015(c) (Vernon Supp. 2004). Subsection (c) further provides that "[t]he court may not award attorney ad litem fees under this chapter against the state, a state agency, or a political subdivision of the state except as provided by this subsection." *Id.* Thus, except for the express provision in section 107.015(c) that an attorney appointed to represent an indigent parent shall be paid from county funds, the court may not award attorney ad litem fees under chapter 107 against the county, any other political subdivision, a state agency, or the state.

## S U M M A R Y

A court does not have authority to order the Department of Family and Protective Services to pay for the services of an attorney ad litem appointed for a parent under Family Code section 107.013. Except for the express provision in section 107.015, which states that an attorney appointed to represent an indigent parent shall be paid from county funds, the court may not award attorney ad litem fees under chapter 107 against the county, any other political subdivision, a state agency, or the state.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee