The **TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, Relator,**

v.

The Honorable Alan **MAYFIELD, Judge, Respondent.**

No. 95–1209.

Supreme Court of Texas.

Argued April 17, 1996.

Decided May 31, 1996.

Rehearing Overruled July 8, 1996.

James Lee Williams, Jr., Fort Worth, Angus E. McSwain, Waco, P. Michael Jung, D. Bradley Kizzia, Dallas, for relator.

Tom L. Ragland, Waco, for respondent.

PHILLIPS, Chief Justice, delivered the opinion of the Court, in which GONZALEZ, HECHT, ENOCH, OWEN, and ABBOTT, Justices, joined.

In the workers' compensation suit underlying this original mandamus proceeding, the trial court appointed an attorney to represent the claimant, ordering the carrier to pay opposing counsel's fees as the case progressed. While not challenging the appointment itself, the carrier contends that the trial court abused its discretion and caused irreparable harm by requiring it to pay for the claimant's attorney. Because we agree, we conditionally grant the writ of mandamus.

## I

Real party in interest Allene Reed, a 49 year-old office administrator, suffered a slip and fall at work while moving file boxes. Reed contends that she struck her head on the floor during the fall, aggravating a preexisting medical condition referred to as "syrinx condition and symptomatic, previously compensated hydrocephalus" ("hydrocephalus"). While the record does not contain a lay definition of this condition, it apparently involves abnormal fluid levels in the cranium.

Travelers Indemnity Company of Connecticut, the workers' compensation carrier for Reed's employer, denied that Reed's hydro-cephalus, if it existed at all, was caused by or aggravated by her fall. After a benefit review conference failed to resolve this issue, the parties proceeded to a contested case hearing. *See* TEX. LAB.CODE § 410.151. Reed was not represented by counsel at this hearing, although she was assisted by a Workers' Compensation Commission ombudsman. *See id.* § 409.041.

The hearing officer ruled in favor of Reed, concluding that she suffered from preexisting hydrocephalus aggravated by her on-the-job injury. The hearing officer further found that Reed had not yet reached maximum medical improvement, rejecting the contrary conclusion of the designated doctor. Accordingly, the hearing officer ordered Travelers to pay temporary income benefits to Reed until she reached maximum medical improvement or no longer suffered from a disability, as well as medical benefits associated with Reed's condition. The record does not disclose the amount of the temporary income benefits, which are paid weekly at a rate based on the claimant's average weekly wage. *See* TEX. LAB.CODE § 408.103. Travelers was apparently still paying these weekly benefits at the time of the trial court proceedings which form the basis of this complaint.

Travelers appealed to a Commission appeals panel, which affirmed the hearing officer's decision. Reed again represented herself in this administrative appeal, apparently without assistance from an ombudsman.

Travelers then filed suit in district court for judicial review of the Commission's decision. *See* TEX. LAB.CODE § 410.251. Reed, appearing pro se, filed an answer and a counterclaim seeking "weekly indemnity benefits for 401 weeks from June 9, 1993; all medical expenses, costs of court and general relief." [1] A short time later, she filed a motion asking the court to appoint an attorney for her, to be paid by the county or by Travelers. Reed contended that, despite diligent efforts, she had been unable to obtain a lawyer to represent her on a contingency

---

1. Although the Workers' Compensation Commission subsequently intervened in the case for the purpose of showing "that the decision of the TWCC Appeals Panel is correct and should be upheld by [the trial court]," *see* TEX. LAB.CODE § 410.254, no one representing the Commission has yet appeared at any of the trial court hearings.

basis. She further argued that this inability resulted from the fee restrictions imposed by the new Workers' Compensation Act, *see* TEX. LAB.CODE § 408.221, which became effective in January 1991. *See* Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 17.18. Reed contended that these restrictions, by depriving her of counsel, violated her due course, due process and equal protection rights under the Texas and United States Constitutions. She also filed an affidavit attesting that she was "too poor to employ counsel to represent [her] in this case."

Before the district court, Reed presented live testimony from three lawyers who declined to represent her because of the fee restrictions and the limitations on total recovery for claimants. Two of these lawyers also cited the Act's rule prohibiting attorneys from lending money to claimants, *see* TEX. LAB.CODE § 415.007, contending that this restriction prevented them from adequately developing cases because litigation expenses could not be advanced. Reed also offered her own testimony that several other lawyers had refused to represent her because they did not accept cases under the new Workers' Compensation Act.

After two hearings, the trial court granted Reed's motion, appointing attorney Tom Ragland of Waco to represent her. The court further ordered Travelers to pay Ragland's reasonable fees approved by the court, at an hourly rate not to exceed $85. Ragland was authorized to submit fee statements to the court every thirty days, which Travelers was to pay within thirty days after court approval of the statements. The court made no provision for refund of these fees in the event that Travelers was successful in its appeal, nor did it require Reed to bear any portion of the expense out of the weekly benefit checks she was receiving from Travelers. The court cited no legal authority in support of its order, nor did it hold any provision of the Workers' Compensation Act unconstitutional.

A short time later, Travelers nonsuited its claim for judicial review of the Commission's decision. The case remains pending, however, because of Reed's counterclaim for long-term indemnity benefits. Although Travelers has filed special exceptions contending that this counterclaim is not ripe because Reed has not presented it to the Commission, the trial court has apparently not yet ruled on those special exceptions.

On September 14, 1995, after the court approved Ragland's first fee statement for $1,742, Travelers moved for reconsideration of the court's order requiring it to pay Ragland's fees. At the hearing on this motion, Travelers sought to offer advertisements from the Waco yellow pages from several lawyers soliciting workers' compensation cases. The court, refusing to consider this evidence because Travelers had not offered it earlier, overruled Travelers' motion for reconsideration.

The parties agreed to stay the trial court's order pending mandamus review. After the court of appeals denied relief without opinion, Travelers sought relief from this Court, and we granted leave to file its petition for writ of mandamus.

## II

■ Travelers contends that the trial court abused its discretion by requiring it to pay the fees for Reed's appointed counsel. Before addressing this issue, it may be helpful to clarify what is *not* presented for decision in this mandamus proceeding. Travelers does not here challenge the trial court's authority to appoint an attorney for Reed, and thus we do not address the propriety of that portion of the trial court's order. Moreover, Reed in this Court has abandoned her argument that the attorney's fees provisions of the Worker's Compensation Act are unconstitutional. We are thus not called upon to decide whether Reed's evidence regarding her difficulty in obtaining an attorney demonstrates that the Act unreasonably restricts access to counsel, *see Texas Workers' Compensation Comm'n v. Garcia,* 893 S.W.2d 504, 533 (Tex.1995) (facial constitutional violation not established based on anecdotal evidence of attorneys no longer accepting cases under new Act), or whether any such restriction would entitle Reed to court-appointed counsel. *See Lassiter v. Department of Social Servs.,* 452 U.S. 18, 26–27, 101 S.Ct. 2153, 2159–60, 68 L.Ed.2d 640 (1981) (recog-

nizing presumption that an indigent litigant has a right to appointed counsel only where physical liberty is at stake). The narrow issue presented is whether the trial court, having appointed an attorney to represent Reed, could require Travelers to pay the fees for that attorney. We conclude that placing this burden on Travelers constituted an abuse of discretion.

 In Texas, attorney's fees may not be recovered from an opposing party unless such recovery is provided for by statute or by contract between the parties. *See Dallas Central Appraisal Dist. v. Seven Investment Co.*, 835 S.W.2d 75, 77 (Tex.1992); *New Amsterdam Cas. Co. v. Texas Indus.*, 414 S.W.2d 914, 915 (Tex.1967). The authorization of attorney's fees in civil cases may not be inferred; rather it "must be provided for by the express terms of the statute in question." *First City Bank—Farmers Branch v. Guex*, 677 S.W.2d 25, 30 (Tex.1984).

There is no statute which authorizes recovery of attorney's fees under the circumstances of this case. To the contrary, the Workers' Compensation Act provides that the claimant's attorney's fee "shall be paid from the claimant's recovery," TEX. LAB.CODE § 408.221(b),[2] with two exceptions, neither of which is present here. The first exception applies where an insurance carrier unsuccessfully challenges a Commission order awarding supplemental income benefits. *See id.* § 408.147(c). In that situation, the claimant is entitled to recover reasonable attorney's fees in addition to any accrued benefits. *Id.* Because there has been no Commission determination that Reed is entitled to supplemental income benefits, this exception clearly does not apply here. The second exception allows claimants to recover attorney's fees when suing to enforce a final order of the Commission which the carrier has failed to comply with. *See* TEX. LAB.CODE § 410.208. Because a Commission order which is timely appealed for judicial review is not "final," *see id.* § 410.205(a), this provision likewise does not apply in this case.

Reed also does not contend that she may recover attorney's fees based on any agreement between the parties. Specifically, she does not claim that the workers' compensation insurance contract between her employer and Travelers authorizes her recovery of attorney's fees. Indeed, she cannot do so, as section 38.001 of the Texas Civil Practice and Remedies Code, which generally authorizes recovery of attorney's fees for suits on a written contract, does not apply to insurance contracts subject to article 21.21 of the Texas Insurance Code. *See* TEX. CIV. PRAC. & REM. CODE § 38.006. The compensation policy issued by Travelers falls within this exception. *See Aetna Cas. & Sur. Co. v. Marshall*, 724 S.W.2d 770, 772 (Tex.1987).

Instead, Reed attempts to justify the trial court's order under section 24.016 of the Texas Government Code and under the trial court's inherent authority. We address each purported justification.

The Government Code vests district judges with the following discretion to appoint counsel:

> A district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause.

TEX. GOV'T CODE § 24.016. Whatever the reach of this provision, it contains no language authorizing judges to shift the fees for appointed counsel to the opposing party, and it has never been so interpreted. Because the authority for a fee award "may not be supplied by implication but must be provided for by the express terms of the statute in question," *Guex*, 677 S.W.2d at 30, we may not construe section 24.016 as impliedly authorizing a trial court to place the financial burden of appointed counsel on the opposing party.

The original statutory predecessor to section 24.016 provided as follows:

> The judges in any case, civil or criminal, in which a party may swear that he is too poor to employ counsel, shall appoint coun-

---

**2.** This fee must be approved by the Commission or court based on such factors as the time and labor required, the difficulty of the issues, and the amount in controversy, *see* TEX. LAB.CODE § 408.221(a), (c), and it generally cannot exceed 25 percent of the claimant's recovery. *See id.* § 408.221(h).

sel for such party, *who shall attend to the cause in behalf of such party without any · fee or reward.*

Act of May 11, 1846, § 11, reprinted in 2 H. GAMMEL, LAWS OF TEXAS 1509 (1898) (emphasis added). Because the Legislature subsequently amended the statute by deleting the requirement that appointed counsel serve without fee or reward, Reed argues that the Legislature must have intended to vest district judges with the authority to place the financial burden of appointed counsel on the opposing party. We disagree. It is more likely that the Legislature simply wanted to remove any impediment to appointed counsel receiving attorney's fees from some other source; e.g., from the indigent claimant's recovery, from local or state government, or from the opposing party if independently authorized by agreement or some other fee-shifting statute. Had the Legislature intended to authorize the shifting of attorney's fees to the opposing party under section 24.016 or its precursors, we believe it would have expressly said so. *See Guex,* 677 S.W.2d at 30 ("If the legislature had intended recovery of attorney's fees under [section 9.507(a) of the Texas Business and Commerce Code], they would no doubt have provided for it....").

 Reed next contends that, even if the trial court lacked statutory authority to impose attorney's fees against Travelers, it had inherent authority to do so. A trial court has certain inherent power derived "from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities." *Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398 (Tex.1979). A court may call upon its inherent powers "to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity." *Id.*

While a court has the duty to ensure that "judicial proceedings remain truly adversary in nature," *Public Utility Comm'n v. Cofer,* 754 S.W.2d 121, 124 (Tex.1988), we have never held that a civil litigant must be represented by counsel in order for a court to carry on its essential, constitutional function. *Cf. Lassiter,* 452 U.S. at 26–27, 101 S.Ct. at 2159–60. Indeed, thousands of cases each

year are prosecuted in our courts by pro se litigants. Nevertheless, we recognize that in some exceptional cases, the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant. But because Travelers does not challenge Ragland's appointment, we need not decide whether the trial court had inherent authority in this case to appoint an attorney. Moreover, even if Travelers had challenged Ragland's appointment, it would not be necessary to address the issue under the trial court's inherent authority, as section 24.016 expressly grants district judges discretion to appoint counsel for indigent litigants.

Whatever the extent of the trial court's inherent authority, however, it does not extend to requiring Travelers to pay Ragland's fees. There is no indication in the record before us that the trial court could only have carried out its constitutional function by imposing this fee burden on Travelers. In the absence of such a showing, allowing trial courts to exercise this power under the guise of "inherent authority" would constitute a judicial end-run around the statutory fee-shifting scheme. We therefore reject Reed's argument that the trial court had inherent authority for its actions.

For the foregoing reasons, we conclude that the trial court abused its discretion by requiring Travelers to pay the fees of Reed's appointed counsel.

### III

 To be entitled to mandamus relief, Travelers must also demonstrate that it has no adequate remedy by appeal. *See Walker v. Packer,* 827 S.W.2d 833, 842 (Tex.1992). Travelers does not dispute that it may challenge the trial court's order on regular appeal and, if successful, that it will obtain the right to recover the disputed attorney's fees. While there is no guarantee that Travelers will actually be able to collect the fees, this uncertainty in and of itself does not render the appellate remedy inadequate. In *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986), for example, where the trial court assessed attorney's fees as a dis-

covery sanction, we held that an appellate remedy is not inadequate merely because of the uncertainty of recovery on appeal.

The present case is different, however. The trial court did not merely require Travelers to pay an isolated attorney's fee as a sanction. Rather, it required Travelers to fund, on a monthly basis, all of Reed's attorney's fees throughout the litigation. Requiring a party to advance the litigation costs of the opposition in addition to its own expenses so skews the litigation process that any subsequent remedy by appeal is inadequate. The party receiving a "free ride" under such an order has little incentive to resolve the dispute economically and efficiently, and may even be encouraged to deliberately protract the proceedings to encourage a favorable settlement. Further, the litigation strategy of the party bearing the expenses will be unfairly hindered, knowing that at each step, whether it be trial, a hearing, a deposition, or the issuance of written discovery, it must bear the expenses of both sides.[3]

We have recognized that, in the discovery context, remedy by appeal will be inadequate where the trial court's error vitiates or severely compromises a party's ability to present a viable claim or defense. *See Walker,* 827 S.W.2d at 843. While the trial court's error in this case does not affect Travelers' ability to present the substance of its defense, it radically skews the procedural dynamics of the case. Under these unusual circumstances, the remedy by regular appeal is inadequate. *See TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 919 (Tex.1991) (eventual remedy by appeal from trial court's interlocutory order imposing death penalty sanction is inadequate because "[t]he entire conduct of the litigation is skewed" by the imposition of the sanction).

For the foregoing reasons, we conditionally grant the writ of mandamus. The trial court is directed to vacate that portion of its order requiring Travelers to bear the expense of Reed's appointed lawyer.

BAKER, J., files a dissenting opinion, in which CORNYN and SPECTOR, JJ., join.

BAKER, Justice, joined by CORNYN and SPECTOR, Justices, dissenting.

I respectfully dissent.

Once again, the Court ignores previously well-established mandamus standards and awards extraordinary relief because it simply disagrees with the trial court's ruling. I agree with the Court that the trial court abused its discretion, but ordinary appeal provides Travelers an adequate remedy.

In 1992, this Court specifically disapproved cases allowing mandamus relief absent a showing by the relator that ordinary appeal was not adequate to correct a trial court's abuse of discretion. *See Walker v. Packer,* 827 S.W.2d 833, 842 (Tex.1992)(disapproving *Barker v. Dunham,* 551 S.W.2d 41 (Tex.1977) and *Allen v. Humphreys,* 559 S.W.2d 798 (Tex.1977) along with "any other authorities to the extent they might be read as abolishing or relaxing this rule."). In *Walker,* the Court called the policy allowing mandamus only where there is no adequate remedy by appeal "sound" policy. *Walker,* 827 S.W.2d at 842. Indeed, it is sound policy. We should uphold the policy, not just recite it.

Here, the Court purports to abide by *Walker* 's mandate. However, in its rush to remedy the trial court's wrong, the Court ignores the *Walker* standard. I find this unfortunate. The Court should adhere to basic principles of stare decisis and hold that Travelers must, as any other party seeking mandamus relief, "demonstrate that the remedy offered by ordinary appeal is inadequate." *Walker,* 827 S.W.2d at 842. Travelers has not met this standard. In fact, Travelers "does not dispute that it may challenge the trial court's order on regular appeal." 923 S.W.2d at 594. Instead, Travelers, like this Court, simply thinks the trial court acted outside its discretion and that a quick fix is deserved. This is not enough for mandamus. Accordingly, I dissent.

---

**3.** We emphasize that we are articulating general policy concerns, and that we have no reason to believe that Mr. Ragland would engage in bad faith or abusive litigation tactics.