Williams v. Alford 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-099-CV

Â Â Â Â Â GLORIA WILLIAMS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â RICHARD ALFORD, M.D.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 361st District Court 
Brazos County, Texas
Trial Court # 41,245
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Gloria Williams appeals from a take-nothing judgment rendered in favor of Dr. Richard
Alford on February 12, 1996. On August 1, 1996, Williams filed a motion to dismiss her appeal. 
In the relevant portion, Rule 59(a) provides:
(1) The appellate court may finally dispose of an appeal or writ of error as follows:
(A) In accordance with an agreement signed by all parties or their attorneys and
filed with the clerk; or
(B) On motion of appellant to dismiss the appeal or affirm the judgment
appealed from, with notice to all other parties; provided, that no other party
shall be prevented from seeking any appellate relief it would otherwise be
entitled to.
Tex. R. App. P. 59(a).
Â Â Â Â Â Â Williams has certified that she served the motion on Alford, who seeks no affirmative relief
in this court. The transcript for this appeal has been filed. Id. 
Â Â Â Â Â Â Pursuant to the motion, the cause is dismissed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

BeforeÂ Â Â Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Â Â Justice Cummings, and 
Â Â Â Â Â Â Â Â Â Â Â Â Justice Vance
Dismissed on appellant's motion
Opinion issued and filed August 14, 1996
Do not publish



 Climer, Kathy Coleman

and Denise Villatoro,

 Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellees

Â 

Â 

Â 



From the 11th District Court

Harris County, Texas

Trial Court # 00-10246

Â 



MEMORANDUMÂ 
Opinion



Â 

Â Â Â Â Â Â Â Â Â  The Williamsons appeal the trial courtÂs judgment awarding attorneyÂs
fees to Re/Max Fry Road Realtors, Dale Climer, and Denise Villatoro (ÂRe/MaxÂ).Â  Finding that the trial court erred in
awarding attorneyÂs fees, we will reverse the award.




BACKGROUND

Â Â Â Â Â Â Â Â Â  The
Williamsons contracted with Re/Max to represent them in a home purchase.Â  The Williamsons entered into an earnest money
contract offering to purchase a home owned by the Guynes.Â  The Williamsons sued the Guynes, Re/Max,
Coldwell Bankers, and other realtors.Â 
The case was tried before a jury, which found for the defendants.Â  Re/Max filed a motion for attorneyÂs
fees.Â  The trial court granted the motion
and awarded $32,781 in attorneyÂs fees.

Â Â Â Â Â Â Â Â Â  AttorneyÂs
fees are not recoverable unless provided for by statute or contract between the
parties.Â  Travelers Indem. Co. v.
Mayfield, 923 S.W.2d 590, 593 (Tex. 1996).Â 
Re/Max argues that they are entitled to recover attorneyÂs fees based
upon a provision in the earnest money contract that states:Â  ÂThe prevailing party in any legal proceeding
brought under or with respect to the transaction described in this contract is
entitled to recover from the non-prevailing party all costs of such proceeding
and reasonable attorneyÂs fees.ÂÂ  The
Williamsons argue that the contract defines ÂpartiesÂ as the buyer (the
Williamsons) and the seller (the Guynes).Â 
Re/Max was not listed as a party to the contract and did not sign the
contract.

Â Â Â Â Â Â Â Â Â  The
issue is thus whether the term ÂpartyÂ in the attorneyÂs fees provision is
limited to the parties identified and defined by the contract or whether the
term includes persons who were not parties to the contract but who were parties
in the legal proceeding.Â  The only
parties identified in the contract are the buyers and the sellers.Â  In determining intent, we presume that the
parties contracted only for themselves and not for the benefit of third
parties, unless the obligation to the third party is clearly and fully spelled
out.Â  Corpus
Christi Bank & Trust v. Smith, 525 S.W.2d 501, 503-4 (Tex. 1975).Â  We
find nothing in the contract to suggest that the parties included the attorneyÂs
fees provision for the benefit of persons other than the parties to the
contract.Â  There is nothing in the
contract suggesting the buyer and seller intended the word ÂpartyÂ in the
attorneyÂs fees provision to include non-parties to the contract.Â  The provision is intended to create a mutual
obligation: whichever party loses pays the other partyÂs attorneyÂs fees.Â  There is no evidence that the buyer and
seller intended to also unilaterally obligate themselves to pay attorneyÂs fees
to persons who, because they were not parties to the contract, would not themselves
be obligated under the provision.Â  Absent
evidence of such intent, the term ÂpartyÂ should be defined by the terms of the
contract itself, which identifies only the buyer and seller as parties.Â  Thus we hold that Re/Max was not entitled to
recover attorneyÂs fees under the earnest money contract.Â  We sustain the issue.

CONCLUSION

Â Â Â Â Â Â Â Â Â  We
reverse the trial courtÂs judgment in part.Â 
We reverse the award of attorneyÂs fees to Re/Max and render judgment
that Re/Max recover no attorneyÂs fees.Â 
The remainder of the judgment is affirmed.Â  Costs of the appeal are assessed against
Re/Max.

Â 

BILL VANCE

Justice

Â 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed in
part, reversed and rendered in part

Opinion
delivered and filed March 23, 2005

[CV06]