James Tolbert v. Dr. Louis Gibson















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-159-CV

Â Â Â Â Â JAMES TOLBERT,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â DR. LOUIS GIBSON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 77th District Court
Freestone County, Texas
Trial Court # 99-206-B
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
DISSENTING OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â I disagree with the majorityâs decision to reverse this judgment because the trial court did not
appoint Tolbert an attorney. The focus of the opinion is on why Tolbert did not timely file the
expert report. The focus should be on why he was unable to obtain a lawyer.
Â Â Â Â Â Â First, the trial court never denied the request for appointment of an attorney. This request,
along with several other motions, was set for a hearing by telephone. The trial court only ruled
by written order on Tolbertâs motion for extension of time to file an expert report. The order
commenced with, âBe it remembered that on this day came to be heard Plaintiffâs Motion for
Extension of Time to File an Expert Report...â and concluded with the phrase, âThe Court
denies all relief not expressly granted in this order.â The phrase, âthis order,â only applies to the
motion for extension of time, not anything else possibly raised at the telephone hearing. The
request for counsel was not fully addressed at the hearing. This is confirmed by Tolbertâs
subsequent letter wondering whether the court had sufficient information to rule due to the
Attorney Generalâs deflection of the issue.
Â Â Â Â Â Â Second, and of far greater concern, this is an ordinary civil case. The issue as framed shows
nothing unique about his claim, i.e. where âpublic and private interests are such that the
administration of justice may be best served by appointing a lawyer to represent an indigent civil
litigant.â Travelers Indem. Co. v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996) (orig. proceeding). 
It also shows no effort by Tolbert to obtain his own lawyer. This case is no different than any
other poor client trying to sue a doctor for malpractice. Tolbert may, in fact, have more time to
pursue his claim than the average âJoeâ who may have a claim but is also trying to work to make
ends meet. This case simply does not meet the requirements of the Government Code and case
law for the appointment of an attorney to represent Tolbert at taxpayersâ expense. 
Â Â Â Â Â Â The majority holds the trial court erred and orders the trial court to appoint Tolbert counsel. 
Because the trial court never ruled on the motion and even if it denied the motion, it certainly did
not abuse its discretion, I respectfully, but strongly, dissent.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TOM GRAY
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Dissenting opinion delivered and filed December 28, 2001
Publish



tyle='font-size:14.0pt;font-family:"CG Times"'>Trial Court # 2003-786-C

Â 



MEMORANDUM 
Opinion



Â 

Daniel Thomas Madis was charged by indictment
with aggravated kidnapping and aggravated assault.Â  Tex.
Pen. Code Ann. Â§ 20.04 (Vernon 2003), Â§ 22.02 (Vernon Supp. 2004-05).Â 
He pled not guilty and was tried before a jury.Â  The jury returned a guilty verdict on both
offenses and assessed punishment at fifteen years for aggravated kidnapping and
twenty years for aggravated assault.Â 
Madis brings this appeal, challenging the legal and factual sufficiency
of the evidence to support the verdicts on each count.

Â Â Â Â Â Â Â Â Â  We
will overrule the issues and affirm the judgment.

Â 

BACKGROUND

Â Â Â Â Â Â Â Â Â  Madis
and the victim, C.B. Jackson, lived together in JacksonÂs house.Â 
Jackson testified that Madis beat him brutally with his
fists and tied him up with a rope around his neck fastened to a chair in the
house.Â  He testified that Madis tightened
the rope when he would move.Â  Jackson sustained severe injuries to his jaw and his
nose.Â  Madis testified in his own
defense.Â  According to Madis, a violent
confrontation began when Jackson returned home intoxicated.Â 
He testified that Jackson reached for a brick used as a door stop, and he punched Jackson in the jaw.Â 
He testified that the two fought several more times because Jackson was trying to go into the kitchen and Madis
feared he would get a knife.Â  Madis
admitted tying Jackson to a chair and putting a slipknot around JacksonÂs neck.

Legal Sufficiency

Â Â Â Â Â Â Â Â Â  Madis
argues that the evidence is legally insufficient to support the juryÂs guilty
verdicts on both the aggravated kidnapping and the aggravated assault counts.Â  When reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.Â  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).

Â Â Â Â Â Â Â Â Â  The
State alleged that Madis committed the two offenses of aggravated kidnapping
and aggravated assault by ÂstrangulationÂ using a rope.Â  Madis argues that there is no evidence upon
which a jury could rationally have found that he used the rope to strangle Jackson. Â Jackson testified that Madis tied the rope around his
neck, that it Âwas so brutally tight,Â and that Âeverytime I try to say
something or move something, he would make it even tighter.ÂÂ  Madis argues that Jackson, who testified that
he is illiterate and has a low IQ, gave testimony that was often inconsistent
and incomprehensible.Â  However, JacksonÂs testimony that he was strangled was
corroborated by a witness to JacksonÂs exited utterances after escaping from Madis,
by observations of police officers who arrived at the scene, and by photographs
and medical records of the injuries to JacksonÂs neck.

Considering all of the evidence in the light
most favorable to the verdict, the jury could rationally have found beyond a
reasonable doubt that Madis strangled Jackson with the rope.Â 
Jackson, 443 U.S. at 318-319, 99 S.Ct. at 2788-89.Â  Finding the evidence to be legally
sufficient, we overrule this issue.

Factual
Sufficiency

Â Â Â Â Â Â Â Â Â  Madis
argues that the evidence is factually insufficient to support a guilty verdict
on both the aggravated kidnapping and the aggravated assault counts.Â  We review factual sufficiency by considering
all of the evidence in a neutral light to determine whether a jury was
rationally justified in finding guilt beyond a reasonable doubt.Â  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).Â  The evidence may be factually insufficient
either because the evidence that supports the verdict is too weak to support a
beyond-a-reasonable-doubt guilt finding or because the evidence contrary to
guilt is strong enough that the beyond-a-reasonable-doubt standard Âcould not
have been met.ÂÂ  Id. 

Â Â Â Â Â Â Â Â Â  Madis
argues that JacksonÂs testimony was so internally inconsistent and
incoherent that a rational jury would not credit it.Â  As a general rule, the credibility of the
witnesses, the weight to be given their testimony, and the resolution of
conflicts in their testimony are questions left to the discretion of the
jury.Â  Johnson v. State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000).Â  Madis is correct in pointing out that
JacksonÂs testimony was often confusing, inconsistent, and unresponsive,
particularly when he was questioned about times, dates, and sequence of
events.Â  However, the jury could
rationally have found JacksonÂs testimony of how he was beaten and strangled credible.Â  JacksonÂs version of how he was beaten and strangled is
consistent with his exited utterances and with the nature of the injuries he
received.Â  Madis argues that JacksonÂs version should be weighed against MadisÂs own
testimony.Â  The jury could have found
Madis to not be credible and his explanation of JacksonÂs injuries implausible.

Â Â Â Â Â Â Â Â Â  Considering
all of the evidence in a neutral light, we cannot say the jury was not
rationally justified in finding Madis guilty on both counts.Â  Zuniga,
144 S.W.3d at 484.Â  We overrule the
issue.

CONCLUSION

Â Â Â Â Â Â Â Â Â  Having
overruled the issues, we affirm the judgment.

Â 

BILL VANCE

Justice

Â 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed February 2,
 2005

Do not publish

[CR25]