IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00047-CV

 

Carl Van Williamson 

and Robbie Williamson,

                                                                      Appellant

 v.

 

Marcus A. Guynes, Jocelyn S. Guynes,

Coldwell Bankers United, Realtors,

Richard Smith, Remax Fry Road 

Realtors, Dale Climer, Kathy Coleman

and Denise Villatoro,

                                                                      Appellees

 

 

 



From the 11th District Court

Harris County, Texas

Trial Court # 00-10246

 



MEMORANDUM 
Opinion



 

          The Williamsons appeal the trial court’s judgment awarding attorney’s
fees to Re/Max Fry Road Realtors, Dale Climer, and Denise Villatoro (“Re/Max”).  Finding that the trial court erred in
awarding attorney’s fees, we will reverse the award.




BACKGROUND

          The
Williamsons contracted with Re/Max to represent them in a home purchase.  The Williamsons entered into an earnest money
contract offering to purchase a home owned by the Guynes.  The Williamsons sued the Guynes, Re/Max,
Coldwell Bankers, and other realtors. 
The case was tried before a jury, which found for the defendants.  Re/Max filed a motion for attorney’s
fees.  The trial court granted the motion
and awarded $32,781 in attorney’s fees.

          Attorney’s
fees are not recoverable unless provided for by statute or contract between the
parties.  Travelers Indem. Co. v.
Mayfield, 923 S.W.2d 590, 593 (Tex. 1996). 
Re/Max argues that they are entitled to recover attorney’s fees based
upon a provision in the earnest money contract that states:  “The prevailing party in any legal proceeding
brought under or with respect to the transaction described in this contract is
entitled to recover from the non-prevailing party all costs of such proceeding
and reasonable attorney’s fees.”  The
Williamsons argue that the contract defines “parties” as the buyer (the
Williamsons) and the seller (the Guynes). 
Re/Max was not listed as a party to the contract and did not sign the
contract.

          The
issue is thus whether the term “party” in the attorney’s fees provision is
limited to the parties identified and defined by the contract or whether the
term includes persons who were not parties to the contract but who were parties
in the legal proceeding.  The only
parties identified in the contract are the buyers and the sellers.  In determining intent, we presume that the
parties contracted only for themselves and not for the benefit of third
parties, unless the obligation to the third party is clearly and fully spelled
out.  Corpus
Christi Bank & Trust v. Smith, 525 S.W.2d 501, 503-4 (Tex. 1975).  We
find nothing in the contract to suggest that the parties included the attorney’s
fees provision for the benefit of persons other than the parties to the
contract.  There is nothing in the
contract suggesting the buyer and seller intended the word “party” in the
attorney’s fees provision to include non-parties to the contract.  The provision is intended to create a mutual
obligation: whichever party loses pays the other party’s attorney’s fees.  There is no evidence that the buyer and
seller intended to also unilaterally obligate themselves to pay attorney’s fees
to persons who, because they were not parties to the contract, would not themselves
be obligated under the provision.  Absent
evidence of such intent, the term “party” should be defined by the terms of the
contract itself, which identifies only the buyer and seller as parties.  Thus we hold that Re/Max was not entitled to
recover attorney’s fees under the earnest money contract.  We sustain the issue.

CONCLUSION

          We
reverse the trial court’s judgment in part. 
We reverse the award of attorney’s fees to Re/Max and render judgment
that Re/Max recover no attorney’s fees. 
The remainder of the judgment is affirmed.  Costs of the appeal are assessed against
Re/Max.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed in
part, reversed and rendered in part

Opinion
delivered and filed March 23, 2005

[CV06]