NO. 07-04-0549-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 23, 2006

_____

HERBERT FEIST, APPELLANT

v.

KEITH SR. WARDEN PRICE, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 48629-C; HON. PATRICK A. PIRTLE, PRESIDING

_____

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.[1]

<u>MEMORANDUM OPINION</u>

This is a *pro se* appeal from the trial court dismissal of an application by appellant, a *pro se* penal inmate, for a temporary injunction and other incremental relief from asserted violations of penitentiary proceedings and policies as well as patterns of prejudicial behavior against appellant. The action was dismissed by the trial court on August 18, 2004, for want of prosecution. We affirm the order of the trial court.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2005).

This appeal presents three issues for our decision. Those issues are: 1) did the trial court abuse its discretion in dismissing appellant's suit under Chapter 14 of the Texas Civil Practice and Remedies Code, 2) did the trial court err in dismissing appellant's suit without a hearing, and 3) did the trial court err in refusing to appoint counsel for appellant.

## Statute

Effective June 8, 1995, the legislature enacted Chapter 14 of the Civil Practice and Remedies Code entitled "Inmate Litigation." Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-014 (Vernon 2002). With the exception of actions brought under the Family Code, Chapter 14 applies to suits brought by inmates who have filed "an affidavit or unsworn declaration of inability to pay costs." *Id.* §14.002. Section 14.004 requires that an inmate file with his suit a separate affidavit or declaration identifying each prior suit brought by the inmate, specifying the operative facts, the case name, the cause number, the court in which it was brought, the names of the parties, and the result of the suit.

## Standard of Review

The standard by which a dismissal under Chapter 14 is reviewed is whether the trial court abused its discretion in doing so. A trial court abuses its discretion when it acts without reference to any guiding principles or, stated another way, it acts arbitrarily or unreasonably. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). In making the decision whether the trial court abused its discretion, the fact that an appellate court might have decided a matter within the trial court's discretion in a different manner does not demonstrate that an abuse of discretion occurred. *Id.* at 399.

## Discussion

2

Logical continuity requires us to initially discuss whether the trial court reversibly erred in failing to appoint an attorney to represent appellant in this matter. In a civil case, a district judge may only appoint counsel for an indigent party in exceptional instances in which the public interests at stake may be such that the administration of justice may be best served by the appointment of counsel. *See Travelers Indemnity Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996); Tex. Gov't Code Ann. §24.016 (Vernon 2004). Indeed, our supreme court, noting that cases of this nature are so commonplace that the legislature enacted Chapter 14 to curb this particular area of litigation, has opined that the mere fact that an inmate brings suit against an employee of the prison in which the inmate is incarcerated does not constitute such an exceptional circumstance as to warrant appointed counsel. *See Gibson v. Tolbert*, 102 S.W.3d 710, 713 (Tex. 2003). Likewise, this suit is neither of such exceptional character as to require the appointment of counsel nor has appellant demonstrated that the public and private interests at stake here are so exceptional as to justify the appointment of counsel. Thus, the trial court did not reversibly err in refusing to do so.

The purpose of Chapter 14 is obvious. In adopting it, the legislature recognized the problem of constant, often duplicative, inmate litigation in this state and sought to reduce such litigation by requiring the inmate to notify the trial court of previous litigation and the outcome of such litigation. In this way, the trial court could determine, based upon previous filings, if the suit was frivolous because the inmate had previously filed a similar claim. *See Bell v. Texas Dep't of Crim. Justice-Institutional Div.*, 962 S.W.2d 156, 157-58 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).

3

In this case, appellant did attach an affidavit of previous filings that showed some seven previous filings. However, in none of these listings did he set forth any of the operative facts involved in the filings. The requirement that such facts be listed is an important and critical factor in enabling a trial court to determine if the suit is a frivolous one because of previous similar filed suits.

Because of appellant's failure to comply with the mandatory requirements of Chapter 14, the trial court acted within its discretion in dismissing his suit. Accordingly, we must, and do hereby, affirm the judgment of the trial court.

John T. Boyd
Senior Justice