NO. 07-12-0023-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 FEBRUARY 10, 2012
 
 ______________________________
 
 
 IN RE THOMAS STEWART, RELATOR

 ______________________________

 ORIGINAL PROCEEDING
 _______________________________
 
 ARISING OUT OF PROCEEDINGS BEFORE THE 278TH DISTRICT COURT 
 OF WALKER COUNTY; NO. 23,807; HONORABLE KENNETH H. KEELING, JUDGE

 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
Thomas Stewart, an inmate proceeding pro se and in forma pauperis, has an appeal pending in this Court challenging the trial court's order dismissing his claims against the Texas Department of Criminal Justice, et al., for, among other claims, personal injuries he sustained from what he alleges is a defect in the flooring in the shower area of the prison. By order dated November 16, 2011, this Court denied his request for appointment of counsel to assist him in his appeal and also denied his request for alternative dispute resolution. See Stewart v. Texas Department of Criminal Justice, et al., No. 07-11-0410-CV, 2011 Tex. App. LEXIS 9110 (Tex.App.--Amarillo Nov. 16, 2011, order) (relying on Travelers Indem. Co. v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996) (declining to hold that a premises liability claim is an "exceptional case" requiring the appointment of counsel).
 In response to this Court's order of November 16, 2011, Stewart filed a Notice of Interlocutory Appeal requesting that the Supreme Court of Texas address whether "it is physically possible for an uneducated indigent computer illiterate prisoner without access to one word of Texas legal reference materials to proceed in pro se on appeal . . . ." Alternatively, Stewart requests that his motion be treated as a petition for writ of mandamus seeking an order compelling this Court to review his complaints. Because Stewart styled his pleading "IN THE COURT OF APPEALS FOR THE 7[TH] DISTRICT OF TEXAS" and mailed his documents to this Court, it was docketed as an original mandamus proceeding. Upon review, it is clear that Stewart intended to file his complaint with the Texas Supreme Court.
 Accordingly, we dismiss this original proceeding as inadvertently filed and return Stewart's pleading to him. 
 Per Curiam