

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00249-CV

**MILTON L. GARDNER,**

                                                                            **Appellant**

 **v.**

**KIMBERLY REINDOLLAR,**

                                                                            **Appellee**

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 30,200-A

## MEMORANDUM OPINION

Milton L. Gardner appeals the trial court's final protective order issued against Gardner and for the protection of Kimberly M. Reindollar. Because the trial court did not err in issuing the protective order, we affirm the trial court's judgment.

Initially we note that Gardner, who is representing himself on appeal, presents a rambling 22 page brief from which it is difficult to determine what issues he complains about on appeal. The Court did not grant a motion to dismiss the appeal for fatally

defective briefing and instead, instructed Reindollar to make a good faith effort to respond to the arguments of Gardner. Reindollar has complied with that instruction.

We gave Gardner time to respond to Reindollar's brief and to supplement Gardner's issues which Reindollar contended were inadequately briefed. *See Gardner v. Reindollar*, No. 10-13-00249-CV (Tex. App.—Waco Jan. 16, 2014, order). We did not give Gardner permission to raise additional issues in his response. *Id*. Gardner filed a 44 page response to Reindollar's brief. We address the issues we believe Gardner has raised including those identified and responded to by Reindollar and further clarified by Gardner's response. We do not, however, address the additional issues raised by Gardner in his response. *See* Tex. R. App. P. 38.7; 10th Tex. App. (Waco) Loc. R. 12.

Gardner first argues that the trial court erred in not appointing an attorney to represent him at the protective order hearing. Gardner does not have the automatic right to appointment of counsel in this case because it is a civil protective order proceeding in which Reindollar sought to have Gardner restrained but not imprisoned. *See Aguilar v. Aguilar*, No. 02-11-00370-CV, 2012 Tex. App. LEXIS 10600, *10 (Tex. App.—Fort Worth Dec. 21, 2012, no pet.) (mem. op.) (protective order recipient not entitled to appointed counsel); *Lopez v. State*, No. 12-02-00380-CV, 2003 Tex. App. LEXIS 10788, *8 (Tex. App.—Tyler Dec. 23, 2003, pet. denied) (mem. op.) (same). *See also Gibson v. Tolbert*, 102 S.W.3d 710, 712-713 (Tex. 2003); *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996) ("…we have never held that a civil litigant must be

represented by counsel in order for a court to carry on its essential, constitutional function."). Gardner's first issue is overruled.

Gardner next contends that his 6th Amendment right to confront witnesses was violated when the trial court sustained Reindollar's objection to Gardner's question to Reindollar about Reindollar's past drug use. Specifically, after Reindollar admitted on cross-examination to a problem with drug use in the past, Gardner wanted to ask what type of drugs she used. The State objected to the relevance of the question. The trial court sustained the objection; but informed Gardner that if the question pertained to a recent timeframe, he would allow it. Gardner did not present a Confrontation Clause argument to the trial court; thus, he failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a)(1); *see Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (overruling appellant's constitutional confrontation clause issues because he did not preserve issues related to Confrontation Clause at trial).

Further, Gardner informed the trial court that he actually wanted to show that both he and Reindollar had an addiction to "Norco 10s." Gardner was permitted to ask Reindollar about an addiction to "Norco 10s," but instead, he asked her whether "all of this" was fabricated so that she could receive a prescription "of Norcos." Gardner received all of the relief he requested. *See* TEX. R. APP. P. 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the

rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals."). His second issue is overruled.

Gardner also complains that the trial court erred by considering hearsay testimony. Gardner made no objection to any testimony at the hearing on the protective order. Further, it is difficult to tell from Gardner's brief what specific testimony he contends was inadmissible hearsay. *See* TEX. R. CIV. P. 802. Much of what he discusses in his brief was admissible under other rules or exceptions to the general hearsay rule. Finally, Gardner essentially argues the trial court erred in believing Reindollar's testimony. The trial court, as the finder of fact, is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). Thus, Gardner's third issue is not preserved and is overruled. *See* TEX. R. APP. P. 33.1(a)(1).

Gardner further complains that the trial court erred in finding Gardner and Reindollar had a dating or family relationship because Reindollar had said Gardner was Reindollar's "ex-boyfriend." From all the testimony on the topic, it is clear that Gardner and Reindollar had a prior relationship and the characterization of Gardner at any point in time as an "ex-boyfriend" does not mean that, as a matter of law, they were not within a "dating or family relationship" within the meaning of the statute. *See* TEX. FAM. CODE ANN. § 71.0021 (West Supp. 2013). Further, Gardner provides no citations to case authority to support his argument under this issue. Thus, this issue is

inadequately briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1(i). Gardner's fourth issue is overruled.

Gardner next argues that the trial court erred in failing to grant Gardner's motion for new trial based on newly discovered evidence. Gardner would be entitled to have his motion for new trial granted if (1) the newly discovered evidence was unknown to him at the time of trial; (2) his failure to discover the new evidence was not due to his lack of due diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result in a new trial. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). The trial court has discretion to decide whether to grant a new trial based on newly discovered evidence, and its ruling will not be reversed absent an abuse of discretion. *Keeter v. State*, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

Gardner provides no relevant case authority to support this issue. Further, the evidence referred to in his brief is not "newly discovered" evidence as it is the evidence of the condition of Reindollar's body (cuts, bruises, etc.) and the cause thereof. This was the issue at trial. Thus, the trial court did not abuse its discretion in not granting Gardner's motion for new trial. Gardner's fifth issue is overruled.

Lastly, Gardner argues that the trial court erred in considering as evidence Reindollar's affidavit in support of the application for protective order. The affidavit was attached to the application for protective order and was necessary for Reindollar to receive a temporary ex parte protective order. *See* TEX. FAM. CODE ANN. § 82.009 (West Supp. 2013). It was not marked, offered, or admitted into evidence, and there is nothing to suggest that the trial court relied upon it in any way in making its judgment. Gardner's sixth issue is overruled.

Having overruled each issue on appeal, we affirm the trial court's final protective order.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208; § 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed March 27, 2014
[CV06]