

**NUMBER 13-20-00030-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **ADOLFO GARCIA YBARRA JR.,** | **Appellant,** |

**v.**

| | |
|---|---|
| **WARDEN STRONG, ET AL.,** | **Appellees.** |

### On appeal from the 278th District Court
### of Walker County, Texas.

## ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Longoria and Hinojosa**
**Order Per Curiam**

Appellant, Adlolfo Garcia Ybarra Jr., appeals from a final judgment made in cause number 1828995 entered by the 278th District Court in Walker County, Texas. He proceeds pro se and is incarcerated. Appellant filed several letter motions indicating he has been previously found indigent and may proceed in forma pauperis.

The Texas Legislature provides for the possibility of appointed counsel in civil matters by conferring upon a district court judge the discretion to "appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause." TEX. GOV'T CODE ANN. §24.016 (West, Westlaw through 2013 C.S.); *see Gibson*, 102 S.W.3d at 712. Under exceptional circumstances, "the public and private interests at stake [may be] such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996).

This sequence of events requires us to effectuate our responsibility to avoid further delay and to preserve the parties' rights. *See* TEX. R. APP. P. 37.3(a)(2). Accordingly, this appeal is ABATED and the cause REMANDED to the trial court.

Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine the following: 1) whether appellant is indigent; 2) if appellant is indigent, whether counsel should be appointed to represent appellant on appeal; 3) whether appellant is entitled to have the clerk's and/or reporter's record furnished without charge; 4) if appellant is not entitled to have the clerk's and/or reporter's record furnished at no charge, the date appellant will request preparation and make acceptable payment arrangements for the reporter's record; and 5) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or if appellant desires to prosecute the appeal, to assure that the clerk's and reporter's record will be filed promptly and that the appeal will be diligently pursued.

The trial court shall prepare and file its findings and orders and cause them to be included in a supplemental clerk's record which should be submitted to the Clerk of this Court within sixty days from the date of this order.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
17th day of April, 2020.

3