COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

| | |
|---|---|
| Appellate case name: | Clyde Dene Miles v. Richard Babcock, Greta Bennett, and Dy Nugen |
| Appellate case number: | 01-22-00408-CV |
| Trial court case number: | 20-DCV-270490 |
| Trial court: | 434th District Court of Fort Bend County |

Appellant, Clyde Dene Miles, incarcerated and proceeding pro se, filed a notice of appeal from the trial court's April 25, 2022 order to dismiss the underlying case for want of prosecution. Since filing his notice of appeal, appellant has filed several motions with this Court, including: (1) a June 27, 2022 motion for appointment of counsel on appeal, (2) a July 27, 2022 motion for extension of time to file a notice of indigency, (3) a July 27, 2022 motion for appointment of counsel on appeal, (4) an August 8, 2022 motion for appointment of counsel on appeal, and (5) an August 8, 2022 motion for extension of time to file his appellant's brief.

With respect to appellant's July 27, 2022 motion for extension of time to file a notice of indigency, on July 28, 2022, appellant filed an application to proceed without prepayment of fees. His application includes a copy of his inmate trust account establishing that, as of June 2022, appellant has $0.00 in his trust account. Further, the clerk's record, filed with this Court at no cost to appellant, includes an "Application to Proceed In Forma Pauperis," filed with the trial court on January 17, 2020. *See* TEX. R. CIV. P. 145(a), (b), (d). The record does not reflect that any motion to require appellant to pay costs or any contest to appellant's filed statement of inability to afford payment of costs was filed by any party. *See* TEX. R. CIV. P. 145(f).

Accordingly, **the Clerk of this Court is directed to make an entry in this Court's records that appellant is allowed to proceed on appeal without payment of costs**. *See* TEX. R. CIV. P. 145(a); TEX. R. APP. P. 20.1.

With respect to appellant's motions for appointment of counsel on appeal, we first note that, in civil cases, the Texas Supreme Court has "never held that a civil litigant must be represented by counsel in order for a court to carry on its essential, constitutional function." *See Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996).

However, "in some exceptional cases, the public and private interests at stake are such that the administration of justice may be best served by appointing a lawyer to represent an indigent civil litigant." *Id.* To this end, the Texas Legislature has provided that, in a civil case, a "district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend the cause." TEX. GOV'T CODE ANN. § 24.016.

The clerk's record filed with this Court reflects that on February 10, 2020, appellant filed a motion for appointment of counsel in the trial court. The record does not reflect that the trial court considered appellant's motion before dismissing the case for want of prosecution. Regardless, this Court lacks the authority to appoint counsel to any party, regardless of their indigency. *See In re Burt*, Nos. 05-15-01212-CV and 05-15-001213-CV, 2016 WL 6135526, at *1 (Tex. App.—Dallas Oct. 21, 2016, orig. proceeding) (mem. op.) ("The trial court has the exclusive responsibility for appointing counsel to represent indigent defendants."); *see also* TEX. GOV'T CODE ANN. § 24.016 ("A **district judge** may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause.") (emphasis added). For that reason, we **deny** each of appellant's motions for appointment of counsel on appeal.

In his motion for extension of time to file his brief, appellant states that he "intended for the More Definite Statement" he filed to "be used as [his] [b]rief." We note that the "More Definite Statement" filed by appellant does not comply with the briefing requirements outlined in Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1 (detailing items which must be contained in an appellant's brief). We acknowledge that appellant is proceeding pro se, and while we liberally construe pro se briefs, Texas law nonetheless requires pro se litigants to comply with all applicable rules, including the rules regarding briefing. *See Tate v. Meisterwood Cmty. Improvement Ass'n*, No. 01-19-00054-CV, 2020 WL 4689207, at *1 (Tex. App.—Houston [1st Dist.] Aug. 13, 2020, no pet.) (mem. op.).

Appellant's motion for extension of time to file his brief is **granted**, and appellant is directed to file a brief complying with Texas Rule of Appellate Procedure 38.1 within **sixty days of the date of this order**.

It is so ORDERED.


Judge's signature: _____/s/ Amparo Guerra_____
                     ☑ Acting individually    ☐ Acting for the Court


Date: __August 16, 2022_____