COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Clyde Dene Miles v. Richard Babcock, Greta Bennett, and Dy Nugen

Appellate case number:    01-22-00408-CV

Trial court case number:   20-DCV-270490

Trial court:                434th District Court of Fort Bend County

Appellant, Clyde Dene Miles, incarcerated and proceeding pro se, filed a notice of appeal from the trial court's April 25, 2022 order dismissing the underlying case for want of prosecution. Since filing his notice of appeal, appellant has filed several motions with this Court, including motions for appointment of appellate counsel and motions to extend the deadline to file his appellate brief.

On August 16, 2022, the Court entered an order denying appellant's requests that this Court appoint him counsel on appeal. In our August 16, 2022 order, we stated that an appellate court, such as this Court, does not have the authority to appoint counsel to any party, regardless of circumstance. Instead, the authority and power to appoint counsel is exclusively granted to a trial court, and any request for appointment of counsel must be directed to the trial court. *See In re Burt*, Nos. 05-15-01212-CV and 05-15-001213-CV, 2016 WL 6135526, at *1 (Tex. App.—Dallas Oct. 21, 2016, orig. proceeding) (mem. op.); *see also* TEX. GOV'T CODE ANN. § 24.016 ("A district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause.").

On October 17, 2022, appellant filed a letter-motion with this Court. In his letter-motion, appellant again requests that the Court provide him with appointed appellate counsel. As discussed above, this Court cannot appoint counsel to a party on appeal. We note that the Texas Supreme Court has held that "in some exceptional cases, the public and private interests at stake are such that the administration of justice may be best served by appointing a lawyer to represent an indigent civil litigant." *See Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996). However, only a trial court may appoint counsel to a party, and a request for appointment of counsel should be directed to the trial court. Accordingly, appellant's motion to appoint appellate counsel is **denied**.

In his letter-motion, appellant states that he does not "understand the law and what the [C]our wants from" him. Appellant therefore states that to the extent the Court does not appoint a lawyer to him to assist in preparing his brief, "the [C]ourt can dismiss the case." Appellant's brief is currently due to be filed on or before January 17, 2023. If appellant does not intend to file a brief by January 17, 2023, appellant may notify the Court and file a motion to dismiss his appeal. *See* TEX. R. APP. P. 42.1(a)(1). If appellant does not file a brief by January 17, 2023, and does not file a motion to dismiss, the Court may dismiss his appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(b).

It is so ORDERED.


Judge's signature: _____/s/ Amparo Guerra_____
          ☑ Acting individually    ☐ Acting for the Court


Date: ___October 27, 2022_____